UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF ANTONIO GONZALES,
by and through its Personal Representative,
Sandra Gonzales,

                Plaintiff,        Case No. 2:21-cv-00848

v.

CITY OF WAUWATOSA,
OFFICER JOSEPH ANTHONY MENSAH,
in his individual capacity, and
FORMER CHIEF OF POLICE BARRY WEBER,
in his Official capacity,

                Defendants.

---

### DEFENDANTS ANSWER and AFFIRMATIVE DEFENSES

Defendants, City of Wauwatosa, Officer Joseph Anthony Mensah, in his individual capacity, and Former Chief of Police Barry Weber, in his Official capacity, by their attorneys, Gunta Law Offices, S.C., submit their Answer to Plaintiff's' Complaint (Dkt. No. 1) as follows:

#### I.    INTRODUCTION

Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to their proof.

#### II.    JURISDICTION AND VENUE

1. Admit.
2. Admit.

1

## III. PARTIES

3. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore admit *only* based on the representation of counsel.

4. Admit.

5. Admit.

6. Admit.

## IV. GENERAL FACTUAL ALLEGATIONS AND BACKGROUND

7. Deny the characterization that a 911 call was placed to "diffuse a situation involving Antonio Gonzalez." Admit that on the evening of July 16, 2015, a call a 911 call was placed to the Wauwatosa Police Department reporting that Antonio Gonzalez was trying to cut the caller.

8. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph as it relates to the allegation that "Mr. Gonzales had mental health issues," and therefore deny and put Plaintiff to her proof. Admit that it was reported that Antonio Gonzales was intoxicated and had become so confrontational with his roommate that 911 was called.

9. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph as it relates to the allegation that Mr. Gonzales took any actions "due to his intoxication," and therefore deny and put Plaintiff to her proof. As to the remaining allegations, admit that the 911 caller reported that Mr. Gonzales was trying to cut him.

10. Affirmatively assert that Paragraph 10 is so poorly worded (for example use of the terms "allegedly" and "presumably") that Defendants are unclear who the allegation refers to. In an effort to be responsive, deny that a 911 call was "allegedly made." As further answer, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph as it relates to the allegation that the 911 call was made "presumably owing to Mr. Gonzales' intoxication," and therefore deny and put Plaintiff to her proof.

11. Deny that the officers were "specifically informed" that Gonzales had mental health issues at any time prior to the shooting. As further response, admit that prior to arriving on scene, dispatch notified officers that there was a violent and intoxicated tenant.

12. Admit that WPD Officer Jeffrey Newman arrived at the household (which is unclear from the pleading, but presumably refers to the residence located 8533 Glencoe Circle) and that Officer Newman had been employed as a WPD Officer longer than Officer Mensah.

13. Admit that Officer Mensah arrived at the residence located 8533 Glencoe Circle. It is ambiguous as to what is meant by "eventually."

14. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

15. Deny.

16. Admit.

17. Deny.

18. Admit that Gonzalez exited the house with a sword and at some point came in contact with Officer Newman and Officer Mensah. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

19. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

20. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph as the wording makes it unclear at what time "Gonzalez stood on the lawn."

21. Deny.

3

22. This is not a complete or clear sentence. Accordingly, Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

23. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

24. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

25. Deny.

26. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

27. Deny.

28. Admit that Officer Mensah has been involved in three shooting incidents.

29. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

35. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

36. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

37. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

38. Deny.

39. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

40. Deny.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. §1983
### Excessive Force
(Against All Defendants)

41. Defendants reallege and incorporate paragraphs 1 through 40 of this Answer.

42. Admit.

43. Admit.

44. Deny.

45. Deny.

46. Deny.

47. A persons' mental health history, if known to officers at the time the encounter may be relevant in assessing the risk factor an induvial poses. However, the existence of a mental health issue does not render an officer's use of deadly force against an induvial who poses a safety threat unreasonable.

48. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

5

49. Deny.

50. It is unclear what actions Plaintiff are referring to. Accordingly, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny that the Defendants caused the Estate to suffer any special damages or that the Estate is entitled to special damages at all.

58. Deny.

59. Deny.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. §1983
## Deliberately Indifferent Training and Supervision
(Against Defendant City of Wauwatosa)

60. Defendants reallege and incorporate paragraphs 1 through 59 of this Answer.

61. Deny.

62. Admit that Defendant Weber was a policy maker for the Wauwatosa Police Department at all relevant times. As further response, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

6

63. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

64. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

65. Deny.

66. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

**THIRD CLAIM FOR RELIEF**
**Violation of Title II of the Americans with Disabilities Act**
(Plaintiff Estate of Antonio Gonzales Against Defendant City of Wauwatosa)

74. Defendants reallege and incorporate paragraphs 1 through 59 of this Answer.

75. This paragraph seeks a legal conclusion for which no response is needed. To the extent an answer is required, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

76. This paragraph seeks a legal conclusion for which no response is needed. To the extent an answer is required, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

7

77. This paragraph seeks a legal conclusion for which no response is needed. To the extent an answer is required, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

78. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

79. Deny.

80. Deny.

81. It is unclear what Plaintiff means by "under the circumstances." To the extent that the "circumstances" are Mr. Gonzalez advancing on officers to attack them with a sword then deny.

82. Deny that Defendants were required to provide Gonzales a "reasonable accommodation" and deny the remaining allegations.

83. Deny.

84. Deny.

85. Deny.

**FOURTH CLAIM FOR RELIEF**
**42 U.S.C. §1983 – Fourteenth Amendment**
**Denial of Equal Protection – Racially Biased Policing**
(Against All Defendants)

86. Defendants reallege and incorporate paragraphs 1 through 85 of this Answer.

87. Admit.

88. Admit.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Admit that race us a "suspect class." Deny the remaining allegations.

94. Deny.

95. Deny that any of Officer Mensah's actions were discriminatory. Deny the remaining allegations.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

100. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

101. Deny.

102. Deny.

103. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiff to her proof.

104. Deny.

105. Deny.

106. Deny.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

a. These Defendants deny the Plaintiff is entitled to the relief requested.

b. These Defendants deny the Plaintiff is entitled to the relief requested.

c. These Defendants deny the Plaintiff is entitled to the relief requested.

  d. These Defendants deny the Plaintiff is entitled to the relief requested.

  e. These Defendants deny the Plaintiff is entitled to the relief requested.

  f. These Defendants deny the Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's state law claims are subject to the procedural prerequisites for bringing or maintaining a cause of action under § 893.80(1)(a) and (1)(b), Wis. Stats. and the exclusions, immunities and limitations on liability set forth in § 893.80, Wis. Stats.

3. Any injuries or damages suffered by the Plaintiff were caused by their own conduct and/or the conduct and contributory negligence of a third party other than the Defendants.

4. The actions of the Plaintiff were for the sole purpose of provoking law enforcement to arrest them and were done for no other lawful reason.

5. The Plaintiff may have failed to mitigate their damages.

6. Plaintiff's Complaint fails to state a cause of action against the City of Wauwatosa pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) since there can be no recovery for a federal civil rights violation where there is no constitutional depravation occurring pursuant to government policy, custom, or practice.

7. All of the acts for the answering Defendants were in good faith and not motivated by malice or the intent to harm.

8. Plaintiff is not entitled to punitive damages.

9. Defendants are entitled to qualified immunity from suit.

10. Defendants are entitled to discretionary act immunity.

10

11. The injuries and damages, if any, were not caused by a governmental policy or practice of these Answering Defendants.

12. No individual defendant can be found liable for the actions of any other individual defendant(s) under a theory of respondeat superior, or supervisory liability.

13. Defendants are entitled to prosecutorial immunity.

14. Defendants are entitled to sovereign immunity.

15. Plaintiff lacks standing to sue.

**WHEREFORE**, Defendants demand judgment dismissing this matter and awarding them their costs and reasonable attorney's fees.

### THE DEFENDANTS DEMAND A JURY TRIAL

Dated at Wauwatosa, Wisconsin this 3rd day of December, 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants

BY: */s/ Jasmyne M. Baynard*
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jmb@guntalaw.com
krm@guntalaw.com
kbz@guntalaw.com