UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE of ANTONIO GONZALES,

    Plaintiffs,

v.

Case No. 21-CV-0848

JOSEPH MENSAH,
CITY OF WAUWATOSA, and
BARRY WEBER,

    Defendants.

### DEFENDANT, JOSEPH MENSAH'S MEMORANDUM IN SUPPORT OF HIS MOTION TO QUASH PLAINTIFF'S THIRD-PARTY SUBPOENAS TO PRODUCE DOCUMENTS

Defendant, Joseph Mensah, by his counsel, Gunta Law Offices, S.C., hereby submits this Memorandum in Support of his Motion to Quash Plaintiff's Subpoenas seeking to quash five subpoenas issued to his non-party mental health providers and former employers.

### INTRODUCTION

This case arises from the officer-involved shooting of Antonio Gonzales by Defendant Wauwatosa Police Officer Joseph Mensah, which occurred on the evening of July 16, 2015. On July 15, 2021, Plaintiff, Sandra Gonzales, filed this suit pursuant to 42 U.S.C. §1983 as personal representative of the Estate of Antonio Gonzales, against Officer Mensah, former Police Chief Barry Weber, and the City of Wauwatosa for their alleged inadequate training relating to Officer Mensah's use of force. See generally (Dkt. 1, Compl. pp. 6-19)

On or about January 7, 2022, Counsel for Plaintiff provided copies via email of three subpoenas seeking the **medical records** of Officer Mensah. (Baynard Declaration ¶3, Exh. A) The subpoenas sought production of documents by February 11, 2022. (Baynard Declaration ¶ 3, Exh.

1

B, C, and D)

    No. 1:  Plaintiff issued a subpoena to psychologist Dr. Rick Bauman, which sought:

> Joseph Mensah's complete medical file, records, notes, evaluations, file, tests, assessments, fitness for duty evaluations, psychological assessments, face-to-face assessment, personal history information, applications, etc…that you or a designee has regarding Joseph Mensah from November 1, 2014, through present.
>
> Any and all communications including email, text messages, social media  messages, etc. which mention or are about *Joseph Mensah* … from or to Dr. Rick Bauman from or to Luke Vetter, Terri Kobbs, Joseph Roy, Joseph Mensah, James Mastrocola, Jeffrey Farina, and Barry Weber from November 15, 2014 through present.

    (Baynard Declaration, ¶ 3, Exh. B)

    No. 2:  Plaintiff issued a subpoena to Jay Schrinsky, a licensed social worker at American Behavioral Clinics, which sought:

> Joseph Mensah's complete medical file, records, notes, evaluations, file, tests, assessments, fitness for duty evaluations, psychological assessments, face-to-face assessment, personal history information, applications, etc…that you or a designee has regarding Joseph Mensah from November 1, 2014 through present.
>
> Any and all communications including email, text messages, social  media  messages, etc. which mention or are about *Joseph Mensah* … from or to Jay Schrinsky from or to Luke Vetter, Terri Kobbs, Joseph Roy, Joseph Mensah, James Mastrocola, Jeffrey Farina, and Barry Weber from January 1, 2015 through present.

    (Baynard Declaration ¶ 3, Exh. D)

    No. 3:  Plaintiff issued a subpoena to Marcia Williams, a Registered Nurse and Licensed Professional Counselor at Systemic Perspectives, which sought:

> Joseph Mensah's complete medical file, records, notes, evaluations, file, tests, assessments, etc…that you or a designee has regarding Joseph Mensah from January 1, 2015, through present.
>
> Any and all communications including email, text messages, social

2

> media messages, etc. which mention or are about *Joseph Mensah* … from or to Marcia Williams from or to Luke Vetter, Terri Kobbs, Joseph Roy, Joseph Mensah, James Mastrocola, Jeffrey Farina, and Barry Weber from January 1, 2015 through present.

(Baynard Declaration ¶ 3, Exh. C)

On or about Sunday January 9, 2022, Counsel for Plaintiff provided Defense Counsel via email two additional subpoenas seeking records regarding Officer Mensah's **prior employment records**. (Baynard Declaration ¶ 4, Exh. E) The subpoenas sought production of documents by February 4, 2022:

No. 4: Plaintiff issued a subpoena for documents regarding Officer Mensah to the UW-Madison Police Department, which sought:

> [T]he complete personnel & internal files, medical records, any & all assessments, training records, employment application, complaints, evaluations, disciplinary history – including notes investigations, any and all files that are in UW Madison's possession regarding Former patrol Officer Joseph Mensah.

(Baynard Declaration ¶ 4, Exh. G)

No. 5: Plaintiff issued a subpoena for documents regarding Officer Mensah to the Dane County Sherriff Department, which sought:

> [T]he complete personnel & internal files, medical records, any & all assessments, training records, employment application, complaints, evaluations, disciplinary history – including notes investigations, any and all files that are in the Dane County Sheriff's Office possession regarding Joseph Mensah.

(Baynard Declaration ¶ 4, Exh. F)

It is unclear what date the subpoenas were actually served as none of the attached "proof of service" forms were complete. *See* (Exh. B, p. 2; Exh. C, p. 2; Exh. D, p. 3; Exh. F, p. 3; Exh. G, p. 3). On January 27, 2022, Defense counsel requested, but had not yet received the fully executed proof of services for the subpoenas. (Baynard Declaration ¶ 5, Exh. H)

3

Case 2:21-cv-00848-LA   Filed 01/31/22   Page 3 of 10   Document 15

# DISCUSSION

**Standard for Motion to Quash**

Federal Rule of Civil Procedure 45 governs subpoenas. In relevant part it states, on timely motion, the issuing court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person . . . ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(c)(A).

The Seventh Circuit has not defined a "timely" motion under Rule 45(c)(3); however, "[i]n general[,] courts have read 'timely' to mean within the time set in the subpoena for compliance." *E.E.O.C. v. Rexnord Indus., LLC, No. 11-CV-777*, 2012 WL 2525652, at *3 (E.D. Wis. June 29, 2012)(citing *Advanced Portfolio Technologies, Inc. v. Stroyny, No. 06–MISC–065*, 2006 WL 3761330, *2 (E.D.Wis. Dec.18, 2006)). District courts have the discretion to grant, deny or modify a motion to quash a subpoena. *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008). A party seeking to quash a subpoena bears the burden of demonstrating that the subpoena requires the disclosure of privileged information or subjects the party to an undue burden. *AF Holdings LLC v. Doe*, No. 12 C 4222, 2012 WL 5520861, *1 (N.D. Ill. Nov. 13, 2012).

Officer Mensah now moves to quash Plaintiff's third-party subpoenas based on privilege, inadequate notice, privacy interests in both his medical and employment records, and lack of relevancy. Officer Mensah further seeks to quash Plaintiff's subpoenas because Plaintiff's purpose in issuing the subpoenas is to embarrass and harass Officer Mensah in violation of Fed. R. Civ. P. 26(c)(1).

4

**I.     THE COURT SHOULD QUASH PLAINTIFF'S SUBPOENAS FOR FAILURE TO PROVIDE ADEQUATE NOTICE UNDER FED. R. CIV. P. 45(B)(1).**

Federal Rule of Civil Procedure 45(b)(1) requires litigants who want to serve a subpoena on someone who is not a party to the underlying lawsuit seeking documents, electronically stored information, or tangible things, to serve a notice on other parties to the lawsuit before serving the subpoena. Plaintiff seemingly[1] violated this Rule and did not serve a notice *before* serving the subpoena, as the Rule plainly requires.

Rather, Plaintiff's cover letters attached to the subpoena for the Dane County Sheriff's Office and UW-Madison Police Department are both dated January 1, 2022 and were first provided to Defense Counsel by e-mail on January 9, 2022. Likewise, Plaintiff's cover letters attached to the subpoenas for Jay Schrinsky (American Behavioral Clinics); Dr. Rick Bauman (Ascend Talent Strategies); and Marcia Williams (Systemic Perspectives) are each dated January 6, 2022 and were first provided to Defense Counsel by e-mail on January 7, 2022.

This violates not only the plain wording of the Rule, but also its broad interpretation. Rule 45(b)(1) requires that notice of a subpoena be served before serving the subpoena itself because the purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena. Compliance with Rule 45 would have given Defense Counsel an opportunity to object to the subpoenas that they find objectionable, especially in light of the fact that Plaintiff subpoenaed the psychotherapist records of Officer Mensah, information which is recognized under Rule 501 of the Federal Rules of Evidence as privileged. Consequently, Defense Counsel became aware that Marcia Williams provided privileged information to Plaintiff before Defense Counsel could move to quash. (Baynard Declaration ¶ 6)

---

[1] On January 27, 2022, Defendants requested proof of service for the subpoenas and Plaintiff's Counsel has not responded or provided any proof of service. (Baynard Declaration ¶ 5)

5

## II. THE COURT SHOULD QUASH PLAINTIFF'S SUBPOENAS TO BAUMAN, SCHRINSKY, AND WILLIAMS BECAUSE THEY IMPERMISSIBLY SEEK DISCLOSURE OF PRIVILEGED INFORMATION.

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires a court to quash a subpoena seeking "disclosure of privileged or other protected matter, if no exception or waiver applies." *Ello v. Brinton*, No. 2:14-CV-299-TLS-JEM, 2017 WL 1532325, at *3 (N.D. Ind. Apr. 28, 2017). Here, these three subpoenas seek privileged information—i.e., Officer Mensah's psychological and counseling records:

> Joseph Mensah's complete medical file, records, notes, evaluations, file, tests, assessments, fitness for duty evaluations, psychological assessments, face-to-face assessment, personal history information, applications, etc…that you or a designee has regarding Joseph Mensah […]

(Exh. B, p. 1; Exh. C, p. 3; Exh. D, p. 1) The subpoenas also seek "any and all communication" relating to the treatment of Officer Mensah. *Id*. Based on the inherent sensitivity of such records, the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1 (1996) recognized a "psychotherapist privilege" under Rule 501 of the Federal Rules of Evidence.

In *Jaffee,* the Supreme Court recognized that confidential communications between a patient and a licensed psychotherapist, psychologist, psychiatrist, or licensed social worker are protected by a federal common law privilege. The scope of the privilege is quite broad in that it is not limited strictly to medical providers but includes communications to social workers as well. *See Finley v. Johnson Oil Co*., 199 F.R.D. 301, 302–03 (S.D. Ind. 2001). In addition to being broad in scope, the privilege is rather strict in its application. The Supreme Court stated in this regard:

> We part company with the Court of Appeals on a separate point. We reject the balancing component of the privilege implemented by that court and a small number of States. (Footnote omitted). Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the

patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege. As we explained in *Upjohn,* if the purpose of the privilege is to be served, the participants in the confidential conversation "must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all."

449 U.S., at 393, 101 S.Ct., at 684.

Here, the subpoenas seek this privileged information without authorization, prior written consent, or waiver. Given *Jaffee's* express holding that the federal common law mental health records privilege encompasses communications made to "more readily accessible social workers", this Court should conclude that not only the documents, but also Officer Mensah's communications to Jay Schrinsky, Dr. Rick C. Bauman, and Marcia Williams falls within the scope of the privilege, and thus quash the subpoenas. Moreover, much of the information sought is irrelevant as it pertains to treatment after the incident at issue in this matter as discussed below.

### III. THE COURT SHOULD QUASH PLAINTIFF'S SUBPOENAS AS A FISHING EXPEDITION.

"The reach of a subpoena issued pursuant to Fed.R.Civ.P. 45 is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1).") *Vukadinovich v. Griffith Pub. Sch.*, No. 2:02 CV 472, 2008 WL 5191451, at *1 (N.D. Ind. Dec. 10, 2008). Rule 26 provides broad latitude in discovery, but it does not allow parties to conduct fishing expeditions in hopes of supporting their claims or defenses. *See, e.g., Munoz v. St. MaryCorwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Plaintiff's subpoenas are just that, fishing expeditions. They request, without limitation, all documents having to do with Officer Mensah. By definition, fishing expeditions seek irrelevant information and courts generally consider such subpoenas without limitations to be fishing expeditions.

Here, rather than under-go the traditional discovery process outlined in Fed. R. Civ. P. 26,

7

Plaintiff seeks to circumvent the relevancy rules by sending out third-party subpoenas for a sweeping number of documents with no idea if the documents contain relevant information.

First, Plaintiff's subpoenas for Officer Mensah's mental health and especially counseling records, have nothing to do with the claims or defenses in this case. With respect to Plaintiff's claims, the only relevant facts are whether Officer Mensah used excessive force and whether the City of Wauwatosa failed to provide him adequate training to respond to excessive force situations prior to the July 16, 2015, shooting incident. Notably, Officer Mensah is not a plaintiff who by seeking damages for emotional distress placed his psychological state at issue, entitling discover to any records of that state. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir.2000)).

Second, the Court should likewise quash Plaintiff's employment subpoenas because they do not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. The requested documents do not have anything to do with the claims or defenses in this case. This case alleges excessive force by Officer Mensah so, in order to be relevant, all evidence must make it more or less probable that the officer's force was reasonable. *See* Fed. R. Evid. 401.Whether the amount of force an officer used is excessive or reasonable turns on the "facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The standard of reasonableness for a police officer in an excessive force case is "an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

Nothing in Officer Mensah's employment records prior to working for Wauwatosa Police Department is relevant to the claims in this case. Even under the liberal discovery standards,

8

Officer Mensah's employment with other employers will not make the existence of Plaintiff's claims more or less probable.

Further, the subpoenas request without limitation, all documents having to do with Officer Mensah, including medical records:

> Please produce the complete personnel & internal files, **medical records**, any & all assessments, training records, employment application, complaints, evaluations, disciplinary history - including notes & investigations, any and all files that are in the Dane County Sheriff's Office possession regarding Joseph.

(Exh. F, p. 2)(emphasis added)

> Please produce the complete personnel & internal files, **medical records**, any & all assessments, training records, employment application, complaints, evaluations, disciplinary history - including notes & investigations, any and all files that are in UW Madison's possession regarding Former Patrol Officer Joseph.

(Exh G, p. 2)(emphasis added)

The lack of limitation on the information sought perfectly illustrates that the subpoenas seek irrelevant information that is not discoverable, in an attempt to circumvent the relevancy requirements of discovery.

Finally, Officer Mensah has a privacy interest in his employment records. Those records likely contain private information about, among other things, banking preferences or insurance and beneficiary designations, which is private and has no bearing on this lawsuit. By design, Plaintiff's employment subpoenas seek that very information and are not intended to seek only discoverable information, but rather are intended to harass and embarrass Officer Mensah by making a sweeping request that likely includes highly private information that has no bearing on this case

## CONCLUSION

For the foregoing reasons, Officer Mensah respectfully requests that the Court issue an

9

Order quashing the five subpoenas directed at Officer Mensah's mental health providers and prior employers, prohibiting Plaintiff from using any information already obtained from those subpoenas—specifically privileged information obtained from Marcia Williams—during discovery or trial, and enter an Order requiring Plaintiff to provide notice of any future subpoenas, along with the subpoenas themselves, ten business days before they can serve the subpoenas.

Dated at Wauwatosa, Wisconsin this 31st day of January, 2022.

GUNTA LAW OFFICES, S.C.
Attorneys for Defendants

*/s/ Jasmyne M. Baynard*
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jmb@guntalaw.com
krm@guntalaw.com
kbz@guntalaw.com