IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF ANTONIO GONZALES,
by and through its personal representative,
SANDRA GONZALES,

    Plaintiff,                                    Case No. 2:21-cv-00848

v.

JOSEPH ANTHONY MENSAH, in his individual capacity,
CITY OF WAUWATOSA,
BARRY WEBER, in his official capacity,

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT JOSEPH MENSAH's EXPEDITED MOTION FOR LIMITED STAY OF DISCOVERY**

Plaintiff, by and through undersigned counsel, asks this court to deny Defendants' Expedited Motion for Limited Stay of Discovery pursuant to Civ. L.R., 7(h), and in support thereof, state:

**BACKGROUND**

Defendant has filed a Motion for a Limited Stay of Discovery on the basis that Defendant Mensah is the subject of an examination to "determine whether criminal charges [are] warranted" in regards to his conduct which resulted in the death of Jay Anderson, Jr. ECF No. [20], ¶3. At this time, no charging decision has been made and Defendant Mensah has been charged with no crimes. *Id*.

**ARGUMENT**

For a "defendant in both criminal and civil matters, the Constitution does not protect against having to "choose between preserving his privilege against self-incrimination and losing the civil suit." *United States v. Certain Real Property,* 943 F.2d 721, 729 (7th Cir. 1991). A "defendant is not automatically entitled to a stay merely because the civil case stands to undercut

1

his privilege against self-incrimination. *Estate of Swayzer v. Armor Corr. Health Servs., Inc.*, No. 16-CV-1703, at *4 (E.D. Wis. Mar. 29, 2018). Further, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

"Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem to require such action.'" *Bruner Corp. v. Balogh*, 819 F.Supp. 811, 813 (E.D. Wis. 1993). Seventh Circuit courts have applied a six-factor test for requests to stay on this basis which balance:

> (1) whether the cases involved the same subject matter, (2) whether the cases were both brought by the government, (3) the procedural posture of the criminal case, (4) the effect of a stay on public interests, (5) the interests of the plaintiffs in proceeding expeditiously with the litigation and potential prejudice to the plaintiff if a stay was granted, (6) and the burden that any particular aspect of the civil case may impose on defendants if the stay is denied. *DeMarb v. Isroff*, 20-cv-778-pp, at *11 (E.D. Wis. Sep. 17, 2021).

A. *This Case and the John Doe Proceeding Do Not Involve any Similar Subject Matter.*

Joseph Mensah killed both Antonio Gonzales and Jay Anderson, Jr. However, Defendant Mensah killed Antonio Gonzales on July 16, 2015. ECF No. [1], ¶ 7. He killed Jay Anderson, Jr. on June 23, 2016. *Estate of Jay Anderson Dr. v. Mensah et al*, 2:21-cv-01179-BHL, ¶ 91. These were separate incidents. Defendants have provided no documents, and indeed make no arguments, that this case and any investigation into the killing of Jay Anderson, Jr. "involve the same subject matter." This case concerns an incident <u>almost one year before</u> the subject matter of the John Doe proceeding to which Defendant's point to. Accordingly, this factor weighs against the issuance of a limited stay.

B. *The Government is Not Involved in this Matter*

The State of Wisconsin is not a party to this litigation. When other courts have evaluated this factor, they have held that where the civil does not involve the governmental entity prosecuting the

2

criminal matter, the second factor weighs against a stay. *See Estate of Swayzer*, at *7.

    C.    *There is No Procedural Posture of a Criminal Case*

At this juncture, Defendants do not assert that any indictment or complaint has been filed against Defendant Mensah. When Courts have reviewed requests to stay discovery on the basis of something less than an indictment, they have found that this factor weighs against discovery. *DeMarb*, at *13. "A stay is disfavored where defendants are under the mere threat of criminal charges." *Chagolla v. City of Chi.*, 529 F.Supp.2d 941, 946 (N.D. Ill. 2008); *see also All Meat & Poultry Prods.*, 2003 U.S. Dist. LEXIS 17677, at *8 ("courts generally require that an indictment be issued before they will grant a stay"); *PNC Bank v. Pence*, No. 1:08-cv-0502-LJM-TAB, at *2 (S.D. Ind. Jan. 12, 2009) ("As a general rule, 'pre-indictment requests for stay are denied.'"). Accordingly, this factor weighs against a stay.

    D.    *The Interests of the Public Would be Harmed*

The "public has an interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law through the Civil Justice Reform Act of 1990. *See* 28 U.S.C. §§ 471-82. A stay would impair that interest." *Salcedo*, 2010 U.S. Dist. LEXIS 67991, at *9. Any potential criminal case against Mensah arising out of his killing of Jay Anderson will have no bearing on the facts of this case. This factor weighs against a stay as well.

    E.    *The Interests of the Plaintiff Would be Harmed*

Plaintiffs have a strong interest in having their cases resolved expeditiously and in obtaining prompt compensation for their injuries. *See Chagolla*, 529 F. Supp. 2d at 947. "As time passes, evidence disappears and memories fade; plaintiffs' cases rarely grow stronger with delays beyond what is necessary for their adequate preparation." *Estate of Swayzer*, at *9. Since the criminal case does not overlap with this case in any way, there will not be any safeguarding of evidence to mitigate this harm. *See Id*. Accordingly, this factor weighs against a stay as well.

F.   *The Interests of the Defendant Would Not be Harmed*

Defendant will face no harm if this motion is denied. No discovery about this case will incriminate him on Jay Anderson. They are distinct events. Moreover, under Wis. Stat. § 939.74(2)(a), homicide with the exception of negligent homicide, has no statute of limitations. Defendant Mensah will always face some concern over self-incrimination. No stay could protect that interest while allowing a civil action to proceed. Accordingly, this factor weighs against a stay.

## CONCLUSION

For all the aforementioned reasons, Defendant's Motion for Limited Stay of Discovery should be denied.

Executed on the 3rd day of March 2022.

s:// Attorney Kimberley Cy. Motley
MOTLEY LEGAL SERVICES
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
Email : kmotley@motleylegal.com
Telephone : (704) 763-5413


s:// Attorney E. Milo Schwab
Ascend Counsel
3000 Lawrence Street
Denver, CO 80205
Email : milo@ascendcounsel.co


ATTORNEYS FOR THE PLAINTIFF