UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF ANTONIO GONZALES,
by and through its Personal Representative,
Sandra Gonzales,

        Plaintiff,

v.

CITY OF WAUWATOSA,
OFFICER JOSEPH ANTHONY MENSAH,
in his individual capacity, and
FORMER CHIEF OF POLICE BARRY WEBER,
in his Official capacity,

        Defendants.

Case No. 2:21-cv-00848

## DEFENDANT'S EXPEDITED NON-DISPOSITIVE MOTION FOR MOTION FOR PROTECTIVE ORDER

Defendant, Joseph Mensah by and through his counsel, Gunta Law Offices, S.C., moves the Court for an order, pursuant to Fed. R. Civ. P. 26(b),(c), and Fed. R. Civ. P. 37(a)(5)(A)(ii) and states as follows:

1. On February 16, 2022, the parties met and conferred in good faith in an effort to resolve Officer Mensah's concerns with waiving his Fifth Amendment privilege and Plaintiff's desire to conduct his deposition. The parties discussed and agreed to a 60-day stay of discovery if Defendants would waive all objections to the deposition.

2. Defense counsel previously brought these concerns to Plaintiff's attention in an email on February 10, 2022. (Baynard Decl. ¶ 4)

3. On February 24, 2022, Defense counsel emailed Plaintiff's counsel and informed them that they could not agree to a blanket waiver of any objections regarding Officer Mensah's

deposition and requested another discussion after the circuit court's March 18, 2022, hearing in the pending John Doe proceeding. Defense counsel further indicated that the dates of April 20-23, 2022, were being held for the deposition of Officer Mensah. (Baynard Decl. ¶5)

4. Plaintiffs' counsel responded by requesting dates for Officer Mensah's deposition between March 7-17, 2022—notably, all dates prior to the circuit court hearing on March 18, 2022.[1]

5. Ultimately, the parties were not able to come to an agreement and on February 24, 2022, Defendants filed their formal motion seeking a limited stay of discovery until there was a charging decision in Milwaukee County Case Number 2020JD000015 In RE: 968.02(3) Complaint ("John Doe Proceeding"). *See generally* (Dkt. 20)

6. Despite the pending motion to stay, on February 28, 2022, Plaintiffs' counsel noticed the deposition of Officer Mensah for March 16, 2022. (Baynard Decl. ¶ 6)

7. On March 3, 2022, Plaintiffs responded to Defendant's Motion to Stay. (Dkt. 21)

8. The Court has not ruled on Defendant's Motion to Stay.

9. On March 6, 2022, Defense counsel emailed Plaintiff's counsel and requested that they withdraw the Notice of Deposition to allow a decision on the pending motion to stay. (Baynard Decl. ¶ 7) Plaintiffs' counsel refused to do so.

Despite Defense counsel's good faith efforts to reach an agreement (for example, requesting a hold on noticing the deposition until after the circuit court hearing on March 18, 2022), the ongoing effort to reach an agreement was met by a demand from Plaintiff for a date for deposition between March 7-17. As a result, Officer Mensah seeks a protective order 1) preventing Plaintiff from taking Officer Mensah's deposition until the Court renders a decision on Defendant's Motion for a Limited Stay of Discovery or until there is a decision in the John Doe proceeding.

---

[1] *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2020JD000015&countyNo=40

## DISCUSSION

Officer Mensah's Assertion of his Fifth Amendment privilege—as laid out in Defendant's Motion for a Limited Stay of Discovery—provides good cause for the entry of a protective order.

Under Rule 26(c), the Court may, in its discretion, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c); *Gonzalez v. Scaletta*, No. 17 C 7080, 2018 WL 6573227, at *3 (N.D. Ill. Dec. 12, 2018). The party seeking the protective order bears the burden of demonstrating why the order should be entered. *Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F.Supp.3d 1079, 1084 (N.D. Ill. 2015). "Good cause is established by showing that the disclosure will cause a clearly defined and serious injury." *Hobley v. Chicago Police Commander Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004).

The Fifth Amendment privilege "serve[s] as a shield to any party who fear[s] that complying with discovery would expose him to a risk of self-incrimination." *Wehling v. Columbia Broad Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979). Filing a motion for a protective order is an appropriate way to present "sufficient information to enable the judge to determine whether an invocation of the Fifth Amendment would otherwise be proper." *United Auto. Ins. v. Veluchamy*, No. 09 C 5487, 2010 WL 749980, at *4 (N.D. Ill. Mar. 4, 2010). Where a party has shown that their assertion of the Fifth Amendment privilege is appropriate, the party has likewise established good cause to support the entry of a protective order. *See, e.g.*, *Hobley*, 225 F.R.D. at 226.

Moreover, as noted in the Motion to Stay, Plaintiffs' counsel has acknowledged their unwillingness to agree to limit their deposition questions to the relevant incident. As such, if the Court denies Officer Mensah's requests for a limited stay of discovery (Dkt. 20) and protective order; Officer Mensah respectfully requests that this Court modify the protective order to prohibit Plaintiff

3

from using any discovery devices permitted in this matter as a conduit for obtaining discovery in *Estate of Jay Anderson Jr., et al. v. Mensah, et al.*, Eastern District Case No. 21-cv-01179.

WHEREOFRE, Officer Mensah respectfully requests the Court grant his Motion for a Protective Order preventing Plaintiffs from taking his deposition until the Court renders a decision on his pending Motion for a Limited Stay of Discovery. The moving party seeks his expenses in bringing this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii).

Dated this 9th day of March, 2022.

GUNTA LAW OFFICES, S.C.
Attorneys for Defendants

*/s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979
F: (414) 291-7960
jmb@guntalaw.com
