UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF ANTONIO GONZALES,
by and through its personal representative,
SANDRA GONZALES,
    Plaintiff,

v.                                        Case No. 21-C-0848

JOSEPH ANTHONY MENSAH, et al.,
    Defendants.

---

## DECISION AND ORDER

In this suit, the plaintiff brings claims under 42 U.S.C. § 1983 and other laws against Officer Joseph Mensah and the City of Wauwatosa and its police chief. Discovery is ongoing. Before me now is Officer Mensah's motion for a limited stay of discovery against him pending a potential charging decision in a Wisconsin proceeding or, in the alternative, a protective order preventing discovery in this case about the matters at issue in the Wisconsin proceeding.[1]

This suit arises out of Mensah's fatally shooting Antonio Gonzales on July 16, 2015. Approximately one year later, on June 23, 2016, Mensah was involved in another use of force in which he shot and killed Jay Anderson, Jr. Anderson's estate has filed a separate lawsuit against Mensah and the City of Wauwatosa. That lawsuit is pending before another judge of this court. Currently pending in the Milwaukee County Circuit Court is a proceeding under Wis. Stat. § 968.02(3) relating to Mensah's shooting of

---

[1] Also before me is Mensah's motion for a protective order preventing the plaintiffs from taking his deposition until the court rules on the motion to stay. Because I decide the motion to stay in this order, the motion for protective order will be denied as moot.

Anderson. The judge presiding over that case has appointed two special prosecutors to determine whether criminal charges against Mensah are warranted. A hearing in that case is scheduled for March 18, 2022, and Mensah's counsel believes that it is possible that the special prosecutors will render a charging decision at that time. Mensah asks for a stay of discovery against him in this case—which does not involve the shooting of Anderson—until a charging decision is made in the Anderson proceeding.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). If the circumstances warrant, district courts may use this power to stay proceedings in a civil case when there is a parallel criminal prosecution. *See, e.g., DeMarb v. Isroff*, No. 20-cv-778-pp, 2021 WL 4250086, at *2–3 (E.D. Wis. Sept. 17, 2021).

In the present case, I conclude that a stay of discovery with respect to the incident involving Gonzales is unwarranted. The pending criminal investigation relates to the shooting of Anderson, which occurred nearly a year after the shooting of Gonzales. Mensah does not identify any way in which responding to discovery about Gonzales could incriminate him in connection with the death of Anderson. Nor does Mensah explain how his defense against Gonzales' claim could be prejudiced if discovery proceeded while special prosecutors were investigating his conduct involving Anderson. Accordingly, his request for a limited stay until the special prosecutors make their charging decision will be denied.

2

However, I will grant Mensah's alternative request (ECF No. 20 at 3, ¶ 8) for a protective order precluding discovery in this action from Mensah that relates to his conduct involving Anderson. *See* Fed. R. Civ. P. 26(c). Gonzales' estate has not advanced an argument in opposition to this alternative request, and I cannot envision any way in which discovery about the Anderson incident would be relevant to the estate's claims. *See* Fed. R. Civ. P. 26(b) (discovery permitted only on matters relevant to a claim or defense in the case). Further, the estate concedes that these are distinct events and that discovery about Anderson would not be relevant to its own claims. (ECF No. 21 at 4.)

Accordingly, **IT IS ORDERED** that Mensah's motion for a limited stay of discovery (ECF No. 20) is **DENIED** but that his alternative request for a protective order precluding discovery in this action from Mensah that relates to his conduct involving Anderson is **GRANTED**.

**IT IS FURTHER ORDERED** that Mensah's motion for a protective order pending a ruling on the motion to stay (ECF No. 22) is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge