ESTATE OF ANTONIO GONZALES, by and through its
its Personal Representative, Sandra Gonzales,

        Plaintiff,        CASE NO. 2:21-cv-00848

v.

CITY OF WAUWATOSA, et al.,

        Defendants.

---

ESTATE OF JAY ANDERSON, JR.
by Special Administrator, Starkeisha DeLaRosa;
J.A. minor child, through her next friend Starkeisha DeLaRosa,

        Plaintiff,        CASE NO. 2:21-cv-1179

v.

CITY OF WAUWATOSA, et al.,

        Defendants.

---

ESTATE OF ALVIN COLE, by and through its
Special Administrator, Tracy Cole;
TRACY COLE, and ALBERT COLE,

        Plaintiffs,        CASE NO. 22-cv-856

v.

CITY OF WAUWATOSA, et al.,

        Defendants.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' EXPEDITED NON-DISPOSITIVE MOTION TO CONSOLIDATE UNDER CIVIL L.R. 7(h) and FED. R. CIV. P. 42(a)**

## DISCUSSION

### I.  LEGAL STANDARD.

Whether to consolidate cases under Fed.R.Civ.P. 42 is a decision committed to the discretion of the district court. *Bradley v. Soo Line R. Co.*, 88 F.R.D. 307, 309 (E.D.Wis.1980). Rule 42(a) requires that the potentially combined proceedings involve common questions of law or fact. However, even if such commonalties exist, the court must deny consolation if consolidation would result in **unfair prejudice** to a party. *Fleishman v. Prudential-Bache Sec., Inc.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984)(emphasis added); see *Henderson v. Nat'l R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987)(where delay or undue prejudice would result from consolidation, separate actions should be maintained.) Plaintiffs have the burden of persuading the court that consolidation is desirable. *Prudential Ins. Co. of Am. v. Marine Nat. Exch. Bank*, 55 F.R.D. 436, 437 (E.D. Wis. 1972) Plaintiffs have not met their burden and consolidation is improper.

### II.  CONSOLIDATION IS IMPRACTICAL AND IMPROPER.

On July 15, 2021, the *Estate of Antonio Gonzales* filed suit in relation to the deadly force incident that occurred on July 16, 2015. (Case No. 21-cv-0848, ECF 1) Defendants timely answered the Complaint, the parties met and conferred to submit their Rule 26(f) report and the Court entered a Scheduling Order. (*id*. ECF 12) At no time during the meet and confer did Plaintiffs raise the issue of consolidation. On March 10, 2022, the Court denied Defendants' Motion to Stay, but granted Defendants' request for a protective order barring Plaintiffs' from using discovery in Gonzales to impact the Anderson case, reasoning:

> I cannot envision any way in which discovery about the Anderson incident would be relevant to the [Gonzales] estate's claims. *See* Fed. R. Civ. P. 26(b) (discovery permitted only on matters relevant to a claim or defense in the case). Further, the estate concedes that these are distinct events and that discovery about Anderson would not be relevant to its own claims. (ECF No. 21 at 4.)

*See* (ECF No. 24 at 3) Significantly, the estate in Gonzales previously argued these are distinct events not involving the same subject matter:

> Joseph Mensah killed both Antonio Gonzales and Jay Anderson, Jr. However, Defendant Mensah killed Antonio Gonzales on July 16, 2015. He killed Jay Anderson, Jr. on June 23, 2016. These were separate incidents. Defendants have provided no documents, and indeed make no arguments, that this case and any investigation into the killing of Jay Anderson, Jr. "involve the same subject matter."

(Case No. 21-cv-0848, ECF No. 21 at 2) Additionally, discovery has been exchanged and the deposition of Joseph Mensah occurred on March 17, 2022.

On October 13, 2021, The *Estate of Jay Anderson, Jr.*, filed suit in relation to the deadly force incident that occurred on June 23, 2016. (Case No. 2:21-cv-01179, ECF 1) Defendants timely answered the Complaint (*id*. ECF No. 14), the parties met and conferred to submit their Rule 26(f) report (*id*. ECF No. 18) and the Court entered a Scheduling Order—setting a trial date for March 6, 2023. (*id*. ECF No. 21) At no time during the meet and confer did Plaintiffs raise the issue of consolidation. Initial Discovery has been exchanged.

On July 28, 2022, the Estate of Alvin Cole filed suit in relation to the deadly force incident that occurred on February 2, 2020. (Case No. 22-cv-856, ECF 1). Defendants' deadline to answer the Complaint has not yet occurred.

Although neither Rule 42 nor case law defines "common question of law or fact," the plain meaning of this phrase indicates that a common question is one that must be answered identically in each case in which it is presented. *Van Patten v. Wright*, No. 07-C-0026, 2009 WL 1886010, at *1 (E.D. Wis. June 30, 2009). While there may be a commonality of legal causes of action against the City of Wauwatosa; the factual dissimilarities in these cases render consolidation impractical and improper. To whit, the Fourth Amendment reasonableness standard is objective, "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."

*Graham v. Connor*, 490 U.S. 386, 396 (1989). Whether Officer Mensah subjectively intended to use excessive force is not relevant to the excessive force analysis, which asks "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.*

Plaintiffs' Motion focus heavily on the plain text of Rule 42, which permits consolidation if the Court finds a common question of law or fact; but ignore the case law that cautions courts against exercising their discretion to consolidate **if consolidation could cause confusion or prejudice**. *Estate of West v. Giese*, Nos. 19-cv-1843, 19-cv-1844, 2020 WL 3895299, at *1 (E.D. Wis. July 10, 2020). Here, consolidation would be unfairly prejudicial to Defendants. For instance, under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence of other wrongs would not be admissible in each of the cases if they remain separate.

Although the threshold question is whether the cases involve common issues of law or fact, consolidation is not appropriate in all cases with common issues. Consolidation is also especially inappropriate where, as here, the cases are in different stages of pre-trial proceedings and consolidation would cause significant delay. As noted above, scheduling orders have already been entered and discovery is already underway in the Gonzales and Anderson matters and a trial date is set in Anderson. Plaintiffs suggest that consolidation is proper because "[d]iscovery is expected to be extensive and would include multiple rounds of requests and depositions, with many of the same witnesses." The only witness that is common to each matter is Officer Mensah, who has already provided testimony in the Gonzales matter. Plaintiffs can simply choose to depose only those witnesses relevant to each respective lawsuit. On the other hand, any judicial economy is far outweighed by the prejudice caused to Defendants if the cases were tried in a single proceeding.

4

## CONCLUSON

Similar among all three cases is attorney for Plaintiffs. Consolidation of the three cases is improper, would undoubtedly prejudice the Defendants and unnecessarily confuse a jury.

Dated at Wauwatosa, Wisconsin this 15th day of August, 2022.

**WIRTH + BAYNARD**
Attorneys for Defendants

 */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Email: jmb@wbattys.com