# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ESTATE OF ANTONIO GONZALEZ,**
    Plaintiff,

  v.                                        Case No. 21-cv-0848

**JOSEPH ANTHONY MENSAH, et al.,**
    Defendant.

---

**ESTATE OF JAY ANDERSON, JR., et al.,**
    Plaintiff,

  v.                                          Case No. 21-cv-1179

**JOSEPH ANTHONY MENSAH, et al.,**
    Defendant.

---

**ESTATE OF ALVIN COLE, et al.,**
    Plaintiff,

  v.                                          Case No. 22-cv-0856

**JOSEPH ANTHONY MENSAH, et al.,**
    Defendant.

---

## DECISION AND ORDER

Plaintiffs in the above captioned cases are the estates and relatives of individuals who were fatally shot by police officer Joseph Mensah. Plaintiffs in each case bring suits under 42 U.S.C. § 1983 alleging their constitutional rights were violated by Mensah, the City of Wauwatosa, and other members of the Wauwatosa Police Department. Two defendants, Joseph Mensah and the City of Wauwatosa, are common to all three cases. Before me now is plaintiffs' motion to consolidate the three cases.

## I.   BACKGROUND

At all relevant times, defendant Mensah was working as a law enforcement officer for the Wauwatosa Police Department. On July 16, 2015, Mensah fatally shot Antonio Gonzalez while responding to a call for police assistance. On June 23, 2016, Mensah fatally shot Jay Anderson while patrolling a park. On February 2, 2020, Mensah fatally shot Alvin Cole while responding to a report of a verbal dispute. Plaintiffs in each case allege that Mensah used excessive force in violation of the Fourth Amendment during each of the fatal shootings. Plaintiffs in each case also allege that each fatal shooting was caused by the Wauwatosa Police Department's failure to train and supervise its officers properly and its practice of condoning and ratifying the use of excessive force.

## II.   DISCUSSION

One of the above captioned cases, 21-cv-1179, is currently before Judge Ludwig. Under Civil Local Rule 42(a), a motion to consolidate must be decided by the judge to whom the lowest numbered case is assigned. Because the lowest numbered case is assigned to me, I will decide the motion to consolidate.

Federal Rule of Civil Procedure 42(a) provides that I may consolidate actions before the court if they involve a common question of law or fact.  Fed. R. Civ. P. 42(a); *See also* 8 James Wm. Moore, Moore's Federal Practice § 42.10 (3d. ed. 2022) ("The articulated standard for consolidating two or more cases is simply that they involve 'a common question of law or fact.'"). The common question of law or fact does not need to predominate. Rather, I need only find that one exists and that consolidation will prove beneficial. *See* 8 Moore, *supra*, at § 42.10[1][a]. If at least one common issue of law or fact exists, I have discretion as to whether to consolidate. *Canedy v. Boardman*, 16 F.3d

183, 185 (7th Cir. 1994); *Enter Bank v. Saetele*, 21 F.3d 233, 236 (8th Cir. 1994); 8 Moore, *supra*, § 42.10[2][c].

There is at least one common issue of fact in these cases. In each case, plaintiffs allege the Wauwatosa Police Department failed to properly train and supervise its officers and that it maintained a custom of condoning and ratifying excessive force. Whether these allegations are true is a question of fact common to all three cases and central to plaintiffs' claims. I also find that consolidating the cases will be beneficial because the claims against the City of Wauwatosa are likely to involve similar discovery and because consolidating the cases would prevent the possibility of inconsistent rulings on the same issues by different judges. Accordingly, I will grant the plaintiffs' motion to consolidate.

Defendants argue that consolidating the cases could lead to prejudice against the defendants. I understand defendants to be arguing that introducing evidence of all three fatal shootings at trial would unfairly prejudice the defendants. For now, I will consolidate the cases for pretrial purposes only. Should these cases reach the trial stage, I will revisit the issue of prejudice.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiffs' motion to consolidate *Estate of Antonio Gonzalez v. Joseph Anthony Mensah et al.*, 21-cv-0848-LA, *Estate of Jay Anderson, Jr. et al. v. Joseph Anthony Mensah et al.*, 21-cv-1179-BHL, and *Estate of Alvin Cole at al. v. Joseph Anthony Mensah et al.*, 22-cv-0856-LA is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk's office will consolidate all of the pleadings and docket entries in the three cases under *Estate of Antonio Gonzalez v. Joseph Anthony Mensah et al.*, 21-cv-0848-LA.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2022.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge