# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF ANTONIO GONZALES, et al.,      Case No.: 21-CV-848-LA

           Plaintiffs,

      v.

JOSEPH ANTHONY MENSAH, et al.,

           Defendants.

---

ESTATE OF JAY ANDERSON, JR., et al.,      Case No.: 21-CV-1179-LA

           Plaintiffs,

      v.

JOSEPH ANTHONY MENSAH, et al.,

           Defendants.

---

ESTATE OF ALVIN COLE, et al.,      Case No.: 22-CV 856-LA

           Plaintiffs,

      v.

JOSEPH ANTHONY MENSAH, et al.,

           Defendants.

---

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT

---

Pursuant to the Court's Order in DKT 34 on September 21, 2022, the court ordered consolidation of the above captioned matters for pretrial purposes only involving the Estate of Antonio Gonzales 21-CV-848, Estate of Jay Anderson, Jr. 21-CV-1179, and the Estate of Alvin Cole 22-CV-856 v. Joseph Mensah et al. Parties submit this joint FRCP 26(f) Report in preparation of the status conference on October 21, 2022 at 9:30 a.m.

## I.      NATURE OF THE CASE

These are civil action cases brought pursuant to 42 U.S.C. §1983. These cases arise from three shootings that involved Defendant former Wauwatosa Police Officer Joseph Mensah.

The first shooting by Defendant Joseph Mensah occurred in the late evening on July 16, 2015, resulting in the death of Antonio Gonzales. On that day, its alleged that Officer Mensah, was dispatched to the residence of Antonio Gonzales for a disorderly subject.  Defendants allege that, upon arrival, Officer Mensah located Antonio Gonzales, and justifiably shot and killed him. Plaintiffs allege that Defendant Joseph Mensah shot Antonio Gonzales, without cause killing him.

The second shooting by Defendant Joseph Mensah occurred in the early morning hours of June 23, 2016, resulted in the death of Jay Anderson. On that day, Officer Mensah, went to Madison Park in the City of Wauwatosa at approximately 3:00 a.m. Defendants allege that, upon arrival, Officer Mensah located Jay Anderson Jr. sleeping in his car. Defendants allege that when Officer Mensah attempted to make contact with Jay Anderson Jr., he reached for a handgun and therefore posed a threat necessitating the use of deadly force. Plaintiffs allege that Defendant Joseph Mensah shot Jay

Anderson, Jr., without cause, killing him. Defendants expressly deny these allegations and maintain that Officer Mensah use of deadly force was constitutionally justified.

The third shooting by Defendant Joseph Mensah occurred in the early evening on February 2, 2020, resulted in Alvin Cole's death. On that evening, Officer Mensah responded to Mayfair Mall in the City of Wauwatosa in response to a domestic disturbance with a possible gun involved. Defendants allege that, upon arrival, Officer Mensah located Alvin Cole, and justifiably shot and killed him. Plaintiffs allege that Defendant Joseph Mensah shot Alvin Cole, without cause, killing him.

Plaintiffs allege that Gonzales, Anderson, and Cole did not pose a threat to Officer Mensah and that his use of deadly force was unconstitutional. The Plaintiffs' Complaints specifically allege, (1) Gonzales', Anderson's, and Cole's constitutional right under the Fourth Amendment to be free from excessive force was violated by Defendants; (2) Defendant, the City of Wauwatosa, enacted deliberate indifferent training and supervision; (3) Antonio Gonzales, Jay Anderson, and Alvin Cole's constitutional rights under the Fourteenth Amendment – denial of equal protection and racially biased policing was violated by Defendants.

Defendants expressly deny these allegations and maintain that the actions of the City of Wauwatosa, Officer Joseph Anthony Mensah, and Former Chief of Police Barry Weber, were constitutionally sound and did not violate Plaintiff's constitutional rights.

## II. PROPOSED DISCOVERY PLAN

### A. Initial Disclosures.

The parties agree to exchange initial disclosures under Rule 26(a)(1) on or before **November 1, 2022.**

**B.    Amendment of Pleadings.**

The parties disagree as to the timing of amendments to the pleadings.

| PLAINTIFFS' POSITION | DEFENDANTS' POSITION |
|---|---|
| Amendment of Pleadings proposal for all three cases:<br><br>**February 17, 2023** | -Defendants are not in agreement to amending pleadings in the Gonzales or Anderson cases without prior leave of Court.<br><br>**Defendants propose a deadline of December 30, 2022 to amend pleadings in the Cole case.** |
|  | -The Gonzales Complaint was filed on July 15, 2021 (approximately 15 months ago). See (Civil Docket For *Estate of Antonio Gonzalez v. Joseph Anthony Mensah et al.*, 21-cv-0848-LA, at ECF No. 1) Discovery—including the depositions of Defendant Mensah and Barry Weber— have occurred. |
|  | -The Anderson Complaint was filed on October 13, 2021 (approximately 12 months ago). *See* (Civil Docket For state of Jay Anderson, Jr. et al. v. Joseph Anthony Mensah et al., 21-cv-1179-BHL, at ECF No. 1) Plaintiffs filed an Amended Complaint on August 24, 2022. (*Id.* ECF No. 47) Defendants filed a Motion to Dismiss the Amended Complaint on September 7, 2022, Plaintiffs filed their opposition on September 28, 2022, and a decision on that motion is pending. (ECF Nos. 50-51, 53) Defendants have also responded to Plaintiffs' initial discovery demands. |
|  | -The Cole Complaint was filed on July 28, 2022. *See* (Civil Docket For Estate of Alvin Cole at al. v. Joseph Anthony Mensah et al., 22-cv-0856-LA, at ECF No. 1) Defendants filed a Motion to Dismiss the |

| | Complaint on September 30, 2022. (ECF No. 18) |
|---|---|

**C.    Nature of Discovery.**

The Parties anticipate discovery may include written interrogatories, requests for production of documents, requests for admissions, lay witness depositions, and expert depositions.

1.    Discovery may be needed regarding the following subjects: the factual circumstances regarding the subject incident, policies, and procedures of the Defendants, liability, and damages.

2.    The Parties do not anticipate that discovery will need to be conducted in phases or otherwise limited.

| PLAINTIFFS' POSITION | DEFENDANTS' POSITION |
|---|---|
| Discovery Deadline proposal for all three cases:<br><br>**August 18, 2023** | - As discussed above, Discovery in the Gonzales and Anderson cases has already started, and Defendants do not see a need to modify the existing scheduling orders—which have both previously been modified.<br><br>-Gonzales: Discovery as to fact witnesses shall close as of **December 30, 202**2. *See* (Gonzales Civil Case Docket at ECF No. 27) |
| | -Anderson: fact discovery be completed by: **March 3, 2023**. *See* (Anderson Civil Case Docket at ECF No. 41) |
| | -With regards to the Cole matter, Defendants propose that fact discovery be completed on or before: **April 7, 2023.** |

### D. Expert Discovery.

The parties do not anticipate the need for expert discovery; however, the following are additional proposed cut-off dates with respect to experts:

| PLAINTIFFS' POSITION | DEFENDANTS' POSITION |
|---|---|
| Expert Discovery Deadline proposal for all three cases:<br><br>1. Plaintiffs Expert Disclosures: **August 18, 2023**<br>2. Defendants Expert Disclosures: **September 22, 2023** | - Defendants do not see a need to modify the existing scheduling orders—which have both previously been modified. *See* (Gonzales Civil Case Docket at ECF No. 27; Anderson Civil Case Docket at ECF No. 41) If Plaintiffs anticipate using the same expert for all three matters or only for the Cole case, Defendants propose the following deadlines with respect to Expert Discovery:<br><br>1. Plaintiffs Expert Disclosures: **March 3, 2023**<br>2. Defendants Expert Disclosures: **April 14, 2023** |

### E. Contemplated Motions.

The Defendants anticipate bringing a motion for summary judgment regarding all claims raised against them. The parties are in disagreement as to dates for the contemplated summary judgment motions:

| PLAINTIFFS' POSITION | DEFENDANTS' POSITION |
|---|---|
| Summary Judgment proposal (briefed, filed and served) for all three cases:<br><br>**November 23, 2023** | - As discussed above, by the time of the Court's conference, the Gonzales and Anderson cases will both have been pending for over a year, thus Defendants do not see a need to modify the existing scheduling orders—which have both previously been modified. Moreover, It is Defendants position that there is no feasible way file one singular dispositive motion for all three cases as they involve three distinct incidents. |

|  | -Gonzales: Dispositive motions shall be filed and served on or before **December 30, 2022**. See (Gonzales Civil Case Docket at 27) |
|  | - Anderson: Dispositive motions shall be filed and served on or before **March 3, 2023**. See (Anderson Civil Case Docket at 41) |
|  | -With regards to the Cole matter, Dispositive motions shall be filed and served on or before **April 7, 2023.** |

### F.     Estimated Length of Trial.

The parties are in disagreement as to how long it will take to try this case:

| PLAINTIFFS' POSITION | DEFENDANTS' POSITION |
|---|---|
| Plaintiffs estimate trial will last 8 days. The Plaintiffs anticipate the case will be ready for trial by **January 8, 2024**: | -The Court consolidated the cases for pre-trial purposes <u>only</u>. It is Defendants position that there is no feasible way to try these three case in one trial. Therefore, Defendants propose the following:<br><br>-Gonzales trial is estimated to last 4 days and Defendants will have the case ready for trial by **March 3, 2023**. |
|  | -Anderson trial is estimated to last 5 days and Defendants will have the case ready for trial by **June 2, 2023**. |
|  | - Cole trial is estimated to last 5 days and Defendants will have the case ready for trial by **October 2, 2023**. |

### G.     Whether any party is requesting a Jury Trial.

The parties request a jury trial.

### H.     Possibility of Prompt Resolution or Settlement.

The parties did not engage in settlement discussions prior to filing of this lawsuit.

**I.      Discovery Limitations**

The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's local rules, and by the Court's customary Scheduling Order. The parties reserve the right to seek relief from the Civil L.R. 33(a)(1) limitation of 25 interrogatories, the FRCP 30(d)(1) limitation of 1 day of 7 hours for the duration of depositions, and the 10-deposition limit per party set forth in FRCP 30(a)(2)(A)(i) and FRCP 31(a)(2)(A)(1), if necessary.

**J.      Electronically stored information.**

All relevant and accessible electronically stored information will be preserved for future use in this matter in its original form.  Additionally, any electronic discovery exchanged will be produced in .pdf format where feasible or some other format that facilitates meaningful use of the information. The parties reserve the right to request particular documents in native format at a later time. All requests for electronic discovery and/or for the production of electronically stored information in a format other than a .pdf will be governed by the proportionality standard set forth in Rule 26(b)(2)(C).

**K.      Claims of Privilege and Work Product.**

The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed a waiver or impairment per se of any claim of privilege or protection.

The parties agree that communications between a party and its trial counsel do not need to be included on any privilege log provided pursuant to Rule 26(b)(5). The parties further agree that other communications and documents generated after

commencement of this litigation on October 13, 2021, if privileged or protected as work product, do not need to be included on any privilege log provided pursuant to Rule 26(b)(5).

The parties will conduct discovery in good faith and will attempt to resolve any discovery-related dispute without intervention from the Court. Parties will seek entry of a Protective Order from the Court if it intends not to produce any unprivileged and discoverable information for purpose of facilitating efficient discovery of confidential and/or sensitive information.

At this time, the parties do not anticipate any other orders that the court should issue under FRCP 26(c) or under FRCP 16(b) and (c).

The parties have discussed all matters addressed in this joint submission.

Dated at Milwaukee, Wisconsin this 11th day of October, 2022.

**CADE LAW GROUP LLC**

By:*s/ Nathaniel Cade, Jr.*
Nathaniel Cade, Jr. SBN: 1028115
Annalisa Pusick SBN: 1116379
Antonique Williams SBN: 1051850
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com
annalisa@cade-law.com
antonique@cade-law.com

Attorneys for Plaintiffs