UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF ANTONIO GONZALES, et al., | Case No.: 21-CV-848 |
| Plaintiffs, | |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |
| ESTATE OF JAY ANDERSON, JR., et al., | |
| Plaintiffs, | Case No.: 21-CV-1179 |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |
| ESTATE OF ALVIN COLE, et al., | |
| Plaintiffs, | |
| v. | Case No.: 22-CV-856 |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

**PLAINTIFFS' CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE
MOTION TO COMPEL DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 26, 37 and Local Civil Rule 7(h), Plaintiffs respectfully move the Court for an Order to Compel Defendants to produce discovery requested on a date certain of March 17, 2023. The Court held a hearing on January 31, 2023, and decided, among other things, the cutoff for Gonzales and Anderson discovery would close on May 1, 2023, (*See* Gonzales Dkt. No. 46). The Court encouraged parties to work out discovery issues including Defendant Mensah's signing of medical authorizations. Not a single medical authorization has been signed and delivered.

On February 2, 10, 14, 15, and 21, 2023, Plaintiffs sent emails to Defendants outlining the remaining discovery issues. *See* Declaration of Kimberley Cy. Motley., (hereafter "Motley Decl.") at Exhibits 1 - 6. On February 17, 2023, Defendant's Attorney Baynard and Plaintiffs' Attorneys Williams and Motley met and conferred with regards to outstanding discovery issues. Motley Decl. at ¶10. In the meet and confer, Plaintiffs requested that Defendants provide all outstanding discovery by February 20, 2023, but Attorney Baynard would not give a date certain as to when they would provide all outstanding discovery. *Id*., at ¶11. Parties discussed (and Defendants agreed) that for fully satisfied discovery, the responding party would communicate in writing in response to each discovery request. *Id*., at ¶12. On February 21, 2023, Plaintiffs sent another email to Defendants regarding discovery and gave them until February 22, 2023. *Id*., at Exh. 6. Defendants produce deficient responses. In addition to the numerous times Plaintiffs' counsel has attempted to obtain proper responses from defense counsel in 2023, in 2022 via telephone and via email Plaintiffs attempted to address discovery issues on July 21, 2022; July 22, 2022; and November 9, 2022. (*See* Prior Motion to Compel, Dkt. No. 38-

2

39 and ECF 39-7). Unfortunately, without Court intervention, numerous discovery issues will continue to go unresolved.

For all three matters, missing discovery relevant to these matters include communications regarding the three shootings; personnel files of relevant named Wauwatosa police officers including Mills, Salyers, Shamsi, Schleis, Johnson, and Olson as it relates to their disciplinary and personnel files (*See* Motley Decl. at Exh. 9 and 10); unredacted WPD police trainings; CVMIC communications and documents; relevant discovery with regards to Mensah personnel files including disciplinary documents, communications; investigative documents regarding the three shootings including videos, text messages, emails; etc. (*See* Prior Motion to Compel, Dkt. No. 38-39).

Plaintiffs also sent medical authorizations to obtain the medical files of Defendant Mensah. After the court hearing of January 31, 2023, the Court encouraged parties to confer and noted that Plaintiffs should share relevant case law to justify obtaining the signed releases. On February 2, 2023, Plaintiffs sent an email with attached medical authorizations and cited *Ashford v. City of Milwaukee*, 304 F.R.D. 547, 551 (E.D. Wis. 2015) in which it was argued that the City allowed officers with notable psychological problems to remain on the street; such medical files were found to be relevant to the plaintiffs' *Monell* claims and obtaining medical files were within the scope of discovery as in this matter. *See* Motley Decl. at Exh. 1. Defendants refuse to provide signed medical authorizations to Plaintiffs for Defendant Mensah medical records. Such medical records are pertinent to the causes of action in all three lawsuits and remain critically relevant. Defendants' attempts to circumvent discovery by determining what *they* deem to be relevant is inappropriate.

Discovery was served on January 14, 2023, for the Jay Anderson and Alvin Cole matters. *Id.,* at Exh. 7, 11, and 12. Defendants have not responded to one single interrogatory nor have they provided relevant responses to any of the request for productions of documents as it relates to the discovery served on January 14, 2023.

Defendants have yet to meet their obligations as to Plaintiffs' discovery requests with regard to Joseph Mensah's complete personnel files, internal files, and human resource documents, psychological evaluations, fitness for duty, indicating Mensah's and other WPD officers ability to return to duty after the Gonzales, Anderson, and Cole shootings. Such information is not only discoverable but relates directly to whether Joseph Mensah and Jeffrey Neumann were reintroduced properly into the field after officer-involved fatal shootings. Plaintiffs' counsel have communicated multiple times to resolve discovery issues by email on February 2, 10, 14, 15, and 21, 2023. *Id.,* at Exh. 1 – 6. In addition, at Plaintiffs request, the parties conferred on January 12, 2023 and February 17, 2023 in an effort to resolve these disputes informally, but to no avail. *Id.*, at ¶ 10. In addition, Defendants refused to provide any date certain as to when Plaintiffs will receive responses to these discovery requests. *Id.*, at ¶ 11.

Frustratingly, Joseph Mensah's deposition has been scheduled for February 28, 2023, yet Plaintiffs do not have all pertinent discovery to prepare as adequately as they wish. Without a curing response or attempt to rectify discovery responses, Defendants have failed to remedy their deficiencies. Defendants should be required to provide proper answers to Plaintiffs' on all outstanding discovery by March 17, 2023.

4

Case 2:21-cv-00848-LA    Filed 02/23/23    Page 4 of 5    Document 47

## CONCLUSION

Based on the reasons stated herein, Plaintiffs' The Estate for Antonio Gonzales, the Estate for Jay Anderson, Jr, and the Estate for Alvin Cole. respectfully request that the Court **GRANT** their Motion to Compel Defendants to produce all outstanding discovery by March 17, 2023.

Dated this 23rd day of February, 2023.

**MOTLEY LEGAL SERVICES**

By: */s/Kimberley Cy. Motley*
Kimberly Motley, Wis. Bar No: 1047193
2206 Bonnie Butler Way
Charlotte, North Carolina 28270
(704) 763-5413 (phone)
kmotley@motleylegal.com

**CADE LAW GROUP LLC**

Nathaniel Cade, Jr.
Nathaniel Cade, Jr. SBN: 1028115
Annalisa Pusick SBN: 1116379
Antonique Williams SBN: 105850
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com
annalisa@cade-law.com
antonique@cade-law.com

Attorneys for Plaintiffs