# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF ANTONIO GONZALES, by and through its its Personal Representative, Sandra Gonzales, | |
| Plaintiff, | CASE NO. 2:21-cv-00848 |
| v. | |
| CITY OF WAUWATOSA, et al., | |
| Defendants. | |

| | |
|---|---|
| ESTATE OF JAY ANDERSON, JR. by Special Administrator, Starkeisha DeLaRosa; J.A. minor child, through her next friend Starkeisha DeLaRosa, | |
| Plaintiff, | CASE NO. 2:21-cv-1179 |
| v. | |
| CITY OF WAUWATOSA, et al., | |
| Defendants. | |

| | |
|---|---|
| ESTATE OF ALVIN COLE, by and through its Special Administrator, Tracy Cole; TRACY COLE, and ALBERT COLE, | |
| Plaintiffs, | CASE NO. 22-cv-856 |
| v. | |
| CITY OF WAUWATOSA, et al., | |
| Defendants. | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL DISCOVERY UNDER CIVIL L.R. 7(h)**

Plaintiffs' Motion claims Defendants have not produced the following documents:

> Communications regarding the three shootings; personnel files of relevant named Wauwatosa police officers, including Mills, Salyers, Shamsi, Schleis, Johnson, and Olson, as it relates to their disciplinary and personnel files; unredacted WPD police trainings; CVMIC communications and documents; relevant discovery with regards to Mensah personnel files, including disciplinary documents and communications; investigative documents regarding the three shootings, including videos, text messages, emails; etc.

(ECF 47 at 1 and 3) This is inaccurate and many of these issues were addressed at the Court's 1/31/2023 status conference and resultant Minute Sheet. *See generally* (ECF 46)

### Investigative Files in the Gonzales, Anderson, and Cole Shootings

Plaintiffs' Motion incorrectly suggests Defendants have not provided all documents relating to the Milwaukee Police Department and Wauwatosa Police Department internal investigations into the Gonzales, Anderson, and Cole shootings. (ECF 47 at 1 and 3) Defendants produced all documents in their possession in Gonzales and Anderson on February 22 and 25, 2022, and in Cole on December 21, 2022. Defendants reproduced them a second time on February 15, 2023. Moreover, Attorney Motley has been in possession of all investigative documents regarding the Gonzales and Anderson shootings since October 26, 2020. (Baynard Decl. Ex. A at ¶¶ 5-6) Defendants (and the Court) suggested that Plaintiffs directly request these documents from MPD (ECF 47 at 2), which Plaintiffs did, on February 16, 2023.

### Electronic Communications

During the January 31, 2023 Conference, the Court instructed that Plaintiffs send Defendants a list of communications they believed were missing, and Defendants provide Mensah's cellphone information. (ECF 46 at 1-2) Defendants produced email communications as they relate to the investigation into Gonzales on January 31, 2023; as they relate to the Anderson investigation on February 24, 2023 (which included providing Mensah's phone number and cellular provider); and as they related to the Cole investigation on February 17, 2023. (Baynard Decl. ¶ 7)

2

Case 2:21-cv-00848-LA   Filed 03/02/23   Page 2 of 5   Document 51

The parties met and conferred regarding legal communications on February 17, 2023 and discussed a narrower production of correspondence to/from Attorneys Biskupic, Smith, and Cermele, as well as communication between Mensah and his attorneys during the John Doe proceedings. Those communications were produced on March 2, 2023, with a privilege log. (Baynard Decl. ¶ 8) Therefore, Plaintiffs are in possession of all known responsive and requested communications.

### Personnel Files of Wauwatosa Police Department Officers

Plaintiffs' Motion incorrectly informed the Court that Defendants have not provided Mensah's complete personnel file. Defendants provided Mensah's complete personnel file prior to the filing of this Motion to Compel and Attorney Motley has been in possession of Mensah's personnel file since August 5, 2020. (See Baynard Decl. Ex. A, pp. 4 – 5) <u>With regard to the other "involved" Officers</u>:

> Defendants produced all ACADIS training reports and disciplinary records to the extent they exist on February 22, 2023—prior to Plaintiff's filing their Motion. (*See* Baynard Decl. ¶ 12)
>
> Defendants previously produced the training records of Shamsi, Schleis, Johnson, and Olson on December 21, 2022. (*See* Baynard Decl. ¶ 13) Defendants produced the disciplinary file of Officer Olson in their Supplemental Response to Plaintiffs' First Request for Production of Documents on February 27, 2023. (*See* Baynard Decl. ¶14)
>
> Because Officer Newman passed away after the Gonzales incident, Defendants produced his entire personal file pursuant to the Court's Protective Order on January 23, 2023. (See Baynard Decl. ¶ 16)

### Joseph Mensah's Psychological Treatment Records Are Not Relevant to any of the Claims or Defenses, Protected By The Patient-Physician Privilege, and Are Inadmissible

Plaintiffs cite *Ashford v. City of Milwaukee*, 304 F.R.D. 547, 551 (E.D. Wis. 2015) without any analysis to support their belief that they are entitled to such records. (ECF 47 at 3) The holding in *Ashford* holding supports the production of documents that Defendants have already produced.

> …. I will compel the City of Milwaukee to produce any documents pertaining to psychological testing of the individual defendants (other than supervisory officers) that was initiated by the City of Milwaukee for the purpose of determining whether the defendants were fit for duty, provided that such documents were disclosed to officials in the department who were responsible for deciding whether determining whether an evaluated

> officer would be hired or remain on duty. Information that was kept strictly confidential between an officer and psychologist might be privileged, but I do not hold that it is. Instead, because information that was never shared with decision-makers in the police department would not support a *Monell* claim in the first place, I hold that such information is irrelevant and not likely to lead to the discovery of admissible evidence. In contrast, I hold that any information shared with decision-makers in the police department is not privileged.

*Ashford*, at 551-552. In *Ashford*, this Court held that an officer's pre-employment psychological evaluation might be relevant and compelled its production. *Id*. at 551. Defendants provided Joseph Mensah's pre-employment psychological evaluation without being compelled to do so. In *Ashford*, this Court held that documents relating to the results of any psychological evaluation that the city conducted during defendant officers' employment were also *arguably* relevant to the Plaintiffs' *Monell* claim and compelled its production. *Id.* Defendants provided the results via provider letters regarding Joseph Mensah's fitness for duty evaluations without being compelled to do so. (ECF 45 at 2-3)

At all relevant times, Barry Weber was the Police Chief and the final decision-maker for the police department. Weber testified that the only information he received from the providers was whether the officer was fit to return to the streets either verbally or by letter. He was not sure what type of testing would be completed, nor did he ever ask. (Baynard Decl. Ex. B, Weber Dep. pp. 244-46) Defendants contend that the specific records, diagnosis and impressions of the psychologist are: (1) privileged and (2) not relevant to the Plaintiff's *Monell* claims. *See Caver v. City of Trenton*, 192 F.R.D. 154 (D.N.J. 2000).

### Defendants' Position on Remaining Discovery

Defendants agree that they produced to Plaintiffs some training materials with minimal redactions to protect police tactics. The partis have conferred on this issue and hopefully can resolve this issue without the Court's intervention. If the parties are unable to do so, the Defendants will inform the Court before the March 17, 2023 deadline suggested by the Plaintiffs in their motion.

Dated at Wauwatosa, Wisconsin this 2nd day of March 2023.

                                                **WIRTH + BAYNARD**
                                                Attorneys for Defendants

                                                */s/ Jasmyne M. Baynard*
                                                Jasmyne M. Baynard, WI Bar No. 1099898
                                                9898 W. Bluemound Road, Suite 2
                                                Wauwatosa, Wisconsin 53226
                                                T: 414) 291-7979 / F: (414) 291-7960
                                                Email: jmb@wbattys.com