UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF ANTONIO GONZALES,
by and through its Personal Representative,
Sandra Gonzales,

        Plaintiff,

v.                                                 CASE NO. 2:21-cv-00848

CITY OF WAUWATOSA,
OFFICER JOSEPH ANTHONY MENSAH, and
FORMER CHIEF OF POLICE BARRY WEBER,

        Defendants.

ESTATE OF JAY ANDERSON, JR.
by Special Administrator, Starkeisha DeLaRosa, and
J.A. minor child, through her next friend Starkeisha DeLaRosa,

        Plaintiffs,

v.                                                   CASE NO. 2:21-cv-00848

CITY OF WAUWATOSA,
JOSEPH ANTHONY MENSAH, and
FORMER CHIEF OF POLICE BARRY WEBER,

        Defendants.

ESTATE OF ALVIN COLE, by and through its
Special Administrator Tracy Cole,
TRACY COLE, and ALBERT COLE,

                                                              CASE NO. 22-cv-00856

        Plaintiffs,

v.

CITY OF WAUWATOSA,
JOSEPH MENSAH, BARRY WEBER,
CITIES AND VILLAGES MUTUAL INSURANCE COMPANY, and
ABC INSURANCE COMPANY,

Defendants.

# DECLARATION OF JOSEPH ROY

I, Joseph Roy, declare and state as follows:

1. My name is Joseph Roy. At all relevant times, I was the custodian of records for the Wauwatosa Police Department. As custodian of records, I am able to certify as to the policies of the Police Department, current and those in effect on July 16, 2015, the date of the Antonio Gonzales and June 23, 2016, the date of the Jay Anderson critical incidents which are the subject of this consolidated case.

2. I have read the Complaint filed by the Estate of Antonio Gonzales (ECF 1), the Amended Complaint filed by the Estate of Jay Anderson (ECF 47), and the Amended Complaint filed in Estate of Alvin Cole (ECF 20), and am familiar with the facts and claims alleged by the Plaintiffs against all of the Defendants, including the City of Wauwatosa. I make this Declaration based on my personal knowledge and in review of records kept in the regular course of business at the Wauwatosa Police Department.

3. Attached hereto as Roy Declaration **Exhibit A,** is the report from the July 18, 2015, interview of former Wauwatosa Police Officer Jeffrey Newman in relation to the investigation into the officer involved shooting of Antonio Gonzales. As the custodian of records for the Wauwatosa Police Department, I am able to certify that this report was maintained in the Investigative file for WPD Case No. 15-019346 and kept in the regular course of business at the Wauwatosa Police Department. The subject of the interview, Jeffrey Newman, passed away prior to the filing of this lawsuit.[1] The author of the report, Detective Randall Smith of the Milwaukee Police Department Metropolitan Investigations Unit, is also deceased.[2] The lead investigator, Lieutenant Thomas Casper of the Milwaukee Police Department Metropolitan Investigations Unit, is deceased as well.[3]

4. As the custodian of records for the Wauwatosa Police Department, I am able to certify the authenticity of the CAD Activity Report relating to the 7/16/15 critical incident at 8533 Glencoe Circle, attached hereto as Roy Declaration **Exhibit B**.

5. As the custodian of records for the Wauwatosa Police Department, I am able to certify that the picture below is a true and accurate photograph depicting the Samurai Sword with a 49" blade and 16 3/4" handle, which was recovered at the scene of the Gonzales critical incident and was maintained throughout the chain of custody and is currently in the possession of the Wauwatosa Police Department inventoried as property no. 16-006762-003-003.

---

[1] https://www.gundersonfh.com/obituaries/Jeffrey-Donald-Newman?obId=5054921
[2] https://www.schramkafuneralhome.com/memorials/Smith-Randall/2641371/obituary.php
[3] https://www.krausefuneralhome.com/obituary/thomas-j-casper-jr/

2



6. Wisconsin Act 348 mandated that an outside agency must investigate all police related critical incidents. In accordance with Wisconsin Act 348, the Wauwatosa Police Department developed Policy No. 14-07 regarding Investigations of Law Enforcement Officer Involved Fatalities and is attached hereto as Roy Declaration **Exhibit C1**, which was in effect at the time of the Gonzales and Anderson incident, and Policy No. 17-11, attached hereto as Roy Declaration **Exhibit C2**, which was in effect at the time of the Cole incident and provides the following:

### I. Introduction

Law enforcement duties sometimes expose Officers to situations where the use of force, including deadly force is necessary. It is imperative that Officer Involved Deadly Force […] be investigated with the utmost thoroughness, professionalism, and impartiality. The purpose of this policy is to define the meaning of an Officer Involved Death Incident and establish a standardized response protocol. It is specifically created to ensure compliance with the requirements of 2013 WI Act 348 as spelled out in WI Statute 175.47.

### III. Procedure

1. **Criminal Investigations**

   **A. In Jurisdiction Officer Involved Death**

   It is the policy of the Wauwatosa Police Department that the Milwaukee Police Department (Metro Unit) leads the investigation of **any** officer-involved or in-custody death, excluding traffic related officer-involved deaths.

## 2. Post Incident Protocol

### A. Administrative Leave

Without loss of pay or benefits, Involved Officers will be placed on administrative leave in any officer involved death or officer-involved traffic related death incident. The Involved Officer must remain available for any necessary investigation.

As soon as practical and at Department expense, all Involved Officers will be required to attend a counseling evaluation session with an approved specialist. Details of the evaluation will remain confidential and will not be shared with the Department.

Involved Officers will remain on leave at the discretion of the Chief of Police; however, will not be permitted to return to duty until after the evaluation has occurred.

### B. Release of Information

The Department will brief other agency members concerning the incident. Department members are encouraged to show the Involved Officer(s) their concern; however are discouraged from asking specific questions about the incident.

[…]

Wisconsin State Statute requires that if the District Attorney determines there is no basis to prosecute the involved law enforcement officer, the investigators conducting the investigation shall release their investigative reports.

### C. District Attorney Review

The results of the criminal investigation will be submitted to the District Attorney's Office for review. The District Attorney's Office has the primary responsibility for the decision of whether to charge someone with a crime.

### D. Internal Investigation/Administrative Review

The law allows for a separate internal investigation into the incident, provided that it does not interfere with the criminal investigation. The Chief of Police may order a separate internal investigation to determine whether Officer(s) violated any

4

department rules, regulations, or policies, and / or to identify training deficiencies.

The results of the internal administrative investigation will be recorded on internal documents and forwarded directly to the Chief of Police.

7. Per the Wauwatosa Police Department Policy No. 14-07, Mensah was placed on Administrative Leave after the Gonzales critical incident, which is reflected in Special Order 1304, a true and accurate copy of which is attached hereto as Roy Declaration **Exhibit D.**

8. Per the Wauwatosa Police Department Policy No. 14-07, Mensah was referred to counselor Marcia Williams and was evaluated by her on or about July 27, 2015, and met with her again on or about August 3, 2015, August 18, 2015, and August 24, 2015. As the custodian of records for the Wauwatosa Police Department, I am able to certify the document attached hereto as Roy Declaration **Exhibit E,** is a true and accurate copy of the letter sent to the Wauwatosa Police Department from Marcia Williams outlining her treatment of Mensah in relation to the July 16, 2015, critical incident.

9. On October 1, 2015, the Wauwatosa Police Department received notice from the Milwaukee County District Attorney's Office that neither Officer Mensah nor Officer Newman would be criminally charged in relation to the July 16, 2015, incident. A true and accurate copy of Milwaukee County Deputy District Attorney Patrick Kenney's October 1, 2015, letter which is kept and maintained by the Wauwatosa Police Department within the investigative file and in Joseph Mensah's personnel file, is attached hereto as Roy Declaration **Exhibit F.**

10. On October 6, 2015, Officer Mensah returned to full duty, which is reflected in Special Order 1322, a true and accurate copy of which is attached hereto as Roy Declaration **Exhibit G.**

11. Before returning to full duty, Officer Mensah received Weapon Re-Introduction Firearms Training. A true and accurate copy of the Weapon Re-Introduction After Action Report is attached as Roy Declaration **Exhibit H.**

12. The City of Wauwatosa trains its police officers that excessive force is prohibited. It is the policy of the Wauwatosa Police Department that police officers use only the amount of force reasonable and necessary to arrest, apprehend, or control any person or situation. Specifically, Policy No. P 13-01 "Use of Force" attached hereto as Roy Declaration **Exhibit I1**, which was in effect at the time of the Gonzales and Anderson incident, and Policy No. P16-12 "Use of Force attached hereto as Roy Declaration **Exhibit I2,** which was in effect at the time of the Cole incident, provides the following:

> It is the policy of the Wauwatosa Police Department that police officers use only the amount of force reasonable and necessary to arrest, apprehend or control any person, or situation.

The decision to use force is based on the facts and circumstances known to the officer at the time the decision to use force was made.

13. Policies 13-01 and 16-12 incorporate the constitutional standard set forth in (*Graham v. Connor*), when outlining relevant factors in assessing whether force used was objectively reasonable:

> (a) The severity of the alleged crime at issue;
>
> (b) Whether the suspect poses an immediate threat to the safety of the officers or others; and
>
> (c) Whether the suspect is actively resisting or attempting to evade arrest by flight.

14. Wauwatosa Police Officers are trained that the use of deadly force is authorized in the following circumstances:

> (a) Protect the officer or others from what is reasonably believed to be an imminent threat of death or great bodily harm.
>
> (b) When it is necessary to prevent the escape of a fleeing violent felon whom the officer has reasonable belief poses an imminent threat of death or great bodily harm to the officer or others.
>
> (c) If feasible the officer must give some verbal warning prior to the use of deadly force.

15. With regards to procedure, Policy No. P 13-01(III) and Policy No. P 16-12 (III) provides the disturbance resolution model, which guides officers on approach considerations and intervention options when confronted with circumstances where force may be necessary.

16. With regards to the responsibility of Officers after a use of force, Policy No. P 13- 01 (III)(F) and Policy No. 16-12 (III)(F) provides:

> 1. Handcuffing.
>
>> (a) It is the general policy of this department to handcuff and search all persons arrested and taken into custody. This procedure will best ensure the safety of the officer, the arrested subject, and the public.
>
> 2. After the situation has stabilized and the subject is under control,

the officer shall:

    (a)    Check for injuries and render first aid, if necessary;
    (b)    Call for appropriate medical aid, if necessary; […]

17. With regards to training, Policy No. P 13-01 (III)(h)(1) provides:

> Officers shall receive agency authorized training designated to simulate actual physical confrontations and conditions and, as otherwise necessary to enhance officers' discretion and judgement in using deadly and non-deadly force in accordance with this policy.

18. I am familiar with the training requirements for police officers in the State of Wisconsin and that Wisconsin has established the Law Enforcement Standards Board (LESB) to prescribe minimum requirements for police officer training. The LESB has issued regulations governing police officer training standards in such areas as Defense and Arrest Tactics (DAAT) and effecting an arrest.

19. As the custodian of records for the Wauwatosa Police Department, I have reviewed Officer Mensah's personnel file and ACADIS training record, attached hereto as Roy Declaration **Exhibit J**, and can certify that Officer Mensah entered duty with Wauwatosa Police Department on January 3, 2015. Between January 2015 and June 2016, Officer Mensah received 151.5 hours of training. This total included not only specific training required by the Wisconsin Department of Justice, Training and Standard Bureau, but also on-the-job training with an experienced WPD Field Training Officer.

20. For the entirety of his career (between January 3, 2015, and June 10, 2020) Officer Mensah received 1,149.5 hours of training, according to the Wisconsin Department of Justice, Training and Standard Bureau. At the time of the July 15, 2015, June 23, 2016, and February 2, 2020, critical incidents, City of Wauwatosa Police Officer Joseph Mensah met or exceeded the minimum training requirements established by the State of Wisconsin to be certified as a Police Officer and had maintained his respective certifications throughout their employment with the City of Wauwatosa.

21. Attached as Roy Declaration **Exhibit K** is a true and accurate copy of the relevant portions of the Wisconsin Department of Justice Defense and Arrest Tactic manual ("DAAT"), upon which training Officer Mensah received and which was provided in response to Plaintiffs' discovery requests.

22. As the custodian of records for the Wauwatosa Police Department, I am able to certify the authenticity of the 911 Dispatch Recording for the call relating to the Gonzales critical incident at 8533 Glencoe Circle, attached hereto as Roy Declaration **Exhibit L**.

23. As the custodian of records for the Wauwatosa Police Department, I am able to certify the authenticity of the Wauwatosa Fire Department Call Detail No. 15.003842 relating

7

to the July 15, 2015, Gonzales critical incident, attached hereto as Roy Declaration **Exhibit M.**

24. As the custodian of records for the Wauwatosa Police Department, I am able to certify the authenticity of the audio from the Wauwatosa Police Department radio traffic transmission relating to the June 23, 2016, Anderson critical incident, attached hereto as Roy Declaration **Exhibit N**, and maintained by the Wauwatosa Police Department.

25. As the custodian of records for the Wauwatosa Police Department, I am able to certify the authenticity of Officer Mensah's Squad video for the June 23, 2016, incident, attached hereto as Roy Declaration **Exhibit O**, and maintained by the Wauwatosa Police Department.

26. As the custodian of records for the Wauwatosa Police Department, I am able to certify the authenticity of Officer Mills' Squad video for the June 23, 2016, incident, attached hereto as Roy Declaration **Exhibit P**, and maintained by the Wauwatosa Police Department.

27. Attached hereto as **Roy Declaration Exhibit Q,** is a true and accurate copy of the Madison Park Elementary video for the June 23, 2016, incident.

28. As the custodian of records for the Wauwatosa Police Department, I am able to certify that the picture below is a true and accurate photograph depicting the Ruger model SR9c, 9mm, semi-automatic pistol that was recovered at the scene of the Anderson critical incident and was maintained throughout the chain of custody, and which was documented by the Milwaukee Police Department.



29. On December 5, 2016, the Police Department received notice from the Milwaukee County District Attorney's Office that Officer Mensah would not be criminally charged in relation to the June 23, 2016, Anderson incident. A true and accurate copy of Milwaukee County Chief Deputy District Attorney Kent Lovern's December 5, 2016, letter that is kept and maintained by the Wauwatosa Police Department investigative file is attached hereto as Roy Declaration **Exhibit R.**

30. Per the Wauwatosa Police Department Policy No. 14-07, Mensah was placed on Administrative Leave after the Anderson critical incident and returned to full duty on December 12, 2016, which is reflected in Special Order 1397, a true and accurate copy of which is attached hereto as Roy Declaration **Exhibit S**.

31. Per the Wauwatosa Police Department Policy No. 14-07, Mensah was referred to counselor Jay Shrinsky and was evaluated by him on or about June 23, 2016, and met with him again on or about June 30, 2016, July 6, 2016, July 20, 2016, August 3, 2016, August 24, 2016, and September 13, 2016. As the custodian of records for the Wauwatosa Police Department, I am able to certify the document attached hereto as Roy Declaration **Exhibit T**, is a true and accurate copy of the letter sent to the Wauwatosa Police Department from Jay Schrinsky outlining his treatment in relation to the June 23, 2016, critical incident.

34. On February 17, 2017, the Police Department received notice from the U.S. Department of Justice that their office was declining to prosecute Officer Mensah in relation to the June 23, 2016, incident. A true and accurate copy of U.S. Department of Justice Assistant United States Attorney Mel S. Johnson's February 16, 2017, is attached hereto as **Roy Declaration Exhibit U.**

35. As the custodian of records for the Wauwatosa Police Department, I am able to certify the authenticity of Officer Shamsi's body cam video for the February 2, 2020, incident, attached hereto as **Roy Declaration Exhibit V**, and maintained by the Wauwatosa Police Department.

36. On October 7, 2020, the Police Department received notice from the Milwaukee County District Attorney's Office that Officer Mensah would not be criminally charged in relation to the February 2, 2020, incident. A true and correct copy of Milwaukee County District Attorney John T. Chisholm's October 7, 2020, letter that is kept and maintained by the Wauwatosa Police Department investigative file is attached hereto as **Roy Declaration Exhibit W.**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on July 17th, 2023.

/s/ Joseph Roy
Joseph Roy