

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Wisconsin*

---

*Federal Courthouse*  (414)297-1700
*517 E. Wisconsin Ave, Rm 530*  *Fax (414) 297-1738*
*Milwaukee WI 53202*  www.justice.gov/usao/wie

February 16, 2017

Attorney Johnathan Safran
Samster, Konkel, and Safran, S.C.
1110 N Old World Third Street, Suite 405
Milwaukee, Wisconsin 53203

Dear Mr. Safran,

    As you know, federal authorities have been reviewing investigative materials regarding the fatal shooting of Jay Anderson by Wauwatosa Police Officer Joseph Mensah on June 23, 2016 in order to determine if there is a basis for prosecuting Officer Mensah for a civil rights violation under federal law. You represent Mr. Anderson's family. We have finished our review and I am writing to inform you that this office is declining to prosecute Officer Mensah.

    Our reasons for that are fundamental. Our review of the case indicates that there is no reasonable basis for a criminal prosecution here. Let me explain that by referring to the main points in the evidence.

    Officer Mensah's explanation for the shooting was that he acted reasonably to protect himself from deadly force because there was a loaded hand gun on the front passenger seat of Mr. Anderson's car and Mr. Anderson kept reaching for it despite the officers' command not to do so. No evidence contradicts Mensah factually. His statements over the radio to other police officers corroborate him, or at least his belief about Mr. Anderson's gun.

    A number of pieces of evidence corroborate Mensah's version. When other police arrived, they found a loaded hand gun on the front passenger seat, just as Mensah stated. Mr. Anderson's DNA was later found on that gun.

    The video recording of the incident from Officer Mensah's squad car indicates that Mr. Anderson did repeatedly move his arm toward the gun as Mensah confronted him. Ultimately, Anderson did lean his whole body down toward this gun just before Mensah started firing.

    Mensah only fired for a few seconds while stepping backward and stopped firing when he perceived that the threat had been neutralized. This cuts against any inference that he somehow intentionally set out to kill Mr. Anderson. On that subject, there is no evidence in the record which suggests that Mensah had any prior dealings with Anderson or had any other motive for shooting him.

    Based on all of this, and various other materials in the evidence, we see no reasonable likelihood that a federal criminal charge against Officer Mensah could be proven beyond a reasonable doubt. I imagine that this conclusion is disappointing to you and Mr. Anderson's family. If you have questions or wish to discuss it, feel free to contact me. If it would be helpful for us to meet with the family to discuss all of this, we are willing to do that as well.



DEFS' RPD 000001

Case 2:21-cv-00848-LA   Filed 07/17/23   Page 1 of 2   Document 76-23 EXHIBIT U

Thank you for your attention to this letter.

Sincerely,

GREGORY J. HAANSTAD
United States Attorney

By:

MEL S. JOHNSON
Assistant United States Attorney

MSJ:vb
cc: AUSA Christopher J. Ladwig,
    SA Jennifer Walkowski