IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ESTATE OF ALVIN COLE, by and through its
Special Administrator, Tracy Cole,
TRACY COLE, and
ALBERT COLE,

                                                                                                                        CASE NO. 22-cv-00856

                Plaintiffs,

v.

CITY OF WAUWATOSA,
JOSEPH MENSAH,
BARRY WEBER,
CITIES AND VILLAGES MUTUAL INSURANCE COMPANY, and
ABC INSURANCE COMPANY,

                Defendants.
_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS FIRST SET OF
REQUESTS TO ADMIT, INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**
_____

Defendants, Joseph Anthony Mensah, Barry Weber, City of Wauwatosa, and Cities and Villages Mutual Insurance Company, by their attorneys, Wirth + Baynard, hereby respond to plaintiffs' First Set of Requests to Admit, Interrogatories, and Requests for Production of Documents as follows:

**REQUESTS TO ADMIT**

**REQUEST TO ADMIT NO. 1:** Admit that WPD has never instituted a policy, training, or other action to confront the deep-rooted racism pervasive through its department and officers.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 2:** Admit that Joseph Mensah killed three men of color in

1

his first four years and eight months as a police officer with WPD.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 3:** Admit that WPD never conducted any psychological evaluations of Mensah prior to his employment with WPD.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 4:** Admit that Mensah's prior employment records revealed a proclivity for reaching toward his gun and aiming it at others during routine police work.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 5:** Admit that Mensah shot and killed Antonio Gonzales on July 16, 2015.

**RESPONSE: Admit.**

**REQUEST TO ADMIT NO. 6:** Admit that, after the killing of Gonzales, Mensah never underwent a fitness for duty evaluation and returned to work shortly after.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 7:** Admit that WPD failed to conduct an internal investigation into Mensah's shooting of Gonzales before he killed Jay Anderson, Jr.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 8:** Admit that the only training Mensah was required to fulfill before returning to active duty after the shooting of Gonzales was to pass a target range exam.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 9:** Admit that Mensah shot and killed Jay Anderson, Jr. on June 23, 2016, less than one year after the shooting of Gonzales.

**RESPONSE:** Admit.

**REQUEST TO ADMIT NO. 10:** Admit that while Mensah was under investigation by the Milwaukee District Attorney's Office for killing Anderson, Jr., Weber awarded Mensah with a medal of valor for killing Gonzales.

**RESPONSE:** Deny.

**REQUEST TO ADMIT NO. 11:** Admit that WPD conducted no investigation into Mensah's second killing until 2018.

**RESPONSE:** Deny.

**REQUEST TO ADMIT NO. 12:** Admit that Mensah had clearly violated WPD policies when he shot and killed Alvin Cole.

**RESPONSE:** Deny.

**REQUEST TO ADMIT NO. 13:** Admit that Weber had decision-making power to investigate and discipline officers who violated WPD policies.

**RESPONSE:** Admit.

**REQUEST TO ADMIT NO. 14:** Admit that on February 2, 2020, Mensah shot and killed Alvin Cole near Mayfair Mall.

**RESPONSE:** Admit.

**REQUEST TO ADMIT NO. 15:** Admit that Cole was given conflicting commands by Officers Olson and Shamsi.

**RESPONSE:** Deny.

**REQUEST TO ADMIT NO. 16:** Admit that Cole accidentally shot himself in the left forearm.

**RESPONSE: Admit that Mr. Cole shot himself. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph. Specifically, it is clear that Mr. Cole shot himself during the incident, but it is unclear if is intent was to shoot himself, or to shoot at the officers he fled from.**

**REQUEST TO ADMIT NO. 17:** Admit that Cole immediately fell to the ground and dropped his gun.

**RESPONSE: Objection. This request is vague, ambiguous, and unintelligible as phrased and unspecific as to timing in the schedule of events. Subject to that objection, Deny.**

**REQUEST TO ADMIT NO. 18:** Admit that Officers Olson and Shamsi maintained control of Cole after he shot himself and was on the ground.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 19:** Admit that a full ten seconds later, Mensah ran up to the scene and immediately discharged his weapon onto Cole.

**RESPONSE: Objection. This request is vague, ambiguous, and unintelligible as phrased and unspecific as to timing in the schedule of events. Subject to that objection, Deny.**

**REQUEST TO ADMIT NO. 20:** Admit that, at the time of Mensah's shooting, Cole did not present any danger to himself or others.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 21:** Admit that Officer Shamsi yelled at Mensah to stop shooting Cole.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 22:** Admit that Mensah never rendered aid to Cole.

**RESPONSE: Admit.**

**REQUEST TO ADMIT NO. 23:** Admit that Mensah was awarded the medal of valor for killing Cole, and that Weber made the decision to grant Mensah this award.

**RESPONSE: Deny that Officer Mensah was awarded a medal of valor for killing Cole. Admit that Former WPD Police Chief Barry Weber made the decision to award Officer Mensah a medal of valor on May 12, 2021.**

**REQUEST TO ADMIT NO. 24:** Admit that Weber believed Mensah's killing of Cole was valorous.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 25:** Admit that Weber made a personalized decision to clear Mensah to return to duty with minimal consultation with professional staff.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 26:** Admit that Weber did not require Mensah to obtain any formal training through WPD or otherwise after the killing of Cole.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 27:** Admit that Weber had control over WPD policies and whether they are followed or amended.

**RESPONSE: Admit that as Chief of Police Weber had control over WPD polices and whether they were amended. Deny that Weber had control over whether his subordinates followed WPD polices.**

**REQUEST TO ADMIT NO. 28:** Admit that Mensah was not fit for duty after the killing of Gonzales.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 29:** Admit that Mensah was not fit for duty after the killing

of Anderson, Jr.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 30:** Admit that Mensah was not fit for duty after the killing of Cole.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 31:** Admit that each of Mensah's killings were excessive and not justified.

**RESPONSE: Deny.**

**REQUEST TO ADMIT NO. 32:** Admit that WPD and the City of Wauwatosa have a duty to keep the community safe.

**RESPONSE: Admit.**

**REQUEST TO ADMIT NO. 33:** Admit that Weber had a duty to ensure the WPD officers were in proper condition to serve and protect the community.

**RESPONSE: Admit.**

## INTERROGATORIES

**INTERROGATORY NO. 1 TO JOSEPH MENSAH** - Please provide the names of the training supervisors and the dates of all the trainings attended and/or taught by Joseph Mensah while employed with the following institutions: Dane County Sheriff's Department from May 29, 2012 – September 19, 2013, UW-Madison Police Department from September 23, 2013 – December 26, 2014, and the Wauwatosa Police Department from January 2, 2015 through November 30, 2020.

**RESPONSE: Objection. This Interrogatory is overly broad and unduly burdensome as it seeks information from non-party law enforcement agencies, i.e. – Dane County Sheriff's Department and UW-Madison Police Department. Further object to said Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without**

**waiving the objections, Officer Mensah does not have an independent recollection of any specific "training advisors" other than those noted in his training records.** *See* **attached Training History Report bates labeled <u>DEFS' RPD (COLE) 000001 – 000009</u>; Probationary Officer monthly Observation Reports bates labeled <u>DEFS' RPD (COLE) 167929 - 167938</u>; Daily Observation Report (DOR) Manual bates labeled <u>DEFS' RPD (COLE) 167998 –168126</u>; and 10/06/15 Weapon Re-Introduction bates labeled <u>DEFS' RPD (COLE) 167862 – 167863</u>.**

**<u>INTERROGATORY NO. 2 TO THE CITY OF WAUWATOSA</u>** - Please provide the make, model, and serial number of the squad video equipment, video equipment, audio recording equipment, and any and all video and audio equipment used by Joseph Mensah as well as where that equipment was located on February 2, 2020.

    **RESPONSE: Objection. This Interrogatory seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to and without waiving the objections, The Wauwatosa Police Department did not have body cameras at the time of the incident; therefore there is no body camera footage. Further, on February 2, 2020, Officer Mensah was assigned to WPD Squad P236 – equipped with a squad camera on the front dash. The recording system in Squad P236 is called "Phoenix."**

**<u>INTERROGATORY NO. 3 TO THE CITY OF WAUWATOSA</u>** – Please provide the manufacturer, model, and serial numbers of the firearm or firearms involved, and any firearms recovered on February 2, 2020, in relation to the Alvin Cole shooting.

    **RESPONSE:**   **Smith and Wesson – Model M&P 9mm semi-automatic pistol; Serial #: NAV4219.**

               **Glock – model 17 Gen 5 9mm caliber semi-automatic pistol; Serial # BMES133.**

**<u>INTERROGATORY NO. 4 TO THE CITY OF WAUWATOSA</u>** - Please provide the date, time, and location, of each incident where a firearm was discharged by a Wauwatosa Police Officer while Barry Weber was the police chief for the Wauwatosa Police Department.

    **RESPONSE: Objection. This Interrogatory seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case because the Interrogatory seeks information about every incident where a firearm was discharged for a period of 30 years. The allegations in this Complaint involve a shooting that occurred on February 2, 2020. Subject to and without waiving the objections, there is no tracking system for "each" incident where a firearm is discharged by an officer. A tracking system**

was implemented in 2010 which tracks incidents where Wauwatosa Police members employ deadly force via department-issued firearms. Applicable incidents for the period of January 2010 to August 24, 2020, include the following:

- **June 19, 2015, in the area of N. 60th and W. Good Hope Rd.**
- **July 16, 2015—Antonio Gonzales Incident in the area of N. 124th St and W. Center Street.**
- **January 11, 2016 –in the area of N. 124th St and W. Center St.**
- **June 23, 2016 – Jay Anderson Incident in the area of 9800 W. Glendale Ave.**
- **January 9, 2018 –in the area of 3300 block of N. 85th St.**
- **February 2, 2020 – THIS INCIDENT**

**INTERROGATORY NO. 5 AS TO BARRY WEBER AND CITY OF WAUWATOSA-**

Please state the date, time, and location, of each *fatal* firearm incident in which a Wauwatosa Police Officer was the cause of the fatality while Barry Weber was the police chief for the City of Wauwatosa.

**RESPONSE: Objection. This Interrogatory seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case because the Interrogatory seeks information about every incident where a firearm was discharged for a period of 30 years. The allegations in this Complaint involve a shooting that occurred on February 2, 2020. Subject to and without waiving the objections, there is no tracking system for "each" incident where a firearm is discharged by an officer. A tracking system was implemented in 2010 which tracks incidents where Wauwatosa Police members employ deadly force via department-issued firearms. Incidents involving a *fatality* for the period of January 2010 to August 24, 2020, include the following:**

- **July 16, 2015—Antonio Gonzales Incident in the area of N. 124th St and W. Center Street.**
- **June 23, 2016 – Jay Anderson Incident in the area of 9800 W. Glendale Ave.**
- **February 2, 2020 – THIS INCIDENT**

**INTERROGATORY NO. 6 TO BARRY WEBER** – Please identify each person arrested and the charges given for violation of any laws RELATING to the use, ownership, possession, transfer or sale of firearms with respect to INCIDENT identified in response to interrogatories No. 3.

**RESPONSE: Objection. This Interrogatory seeks information that is not relevant to any party's claim or defense. Subject to and without waiving the objection, I am unaware if anyone was arrested or charged in relation to the request above.**

# REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Produce any and all documents You relied upon to answer or identified in response to any of the above interrogatories or requests for admission.

**RESPONSE:** *See* specific Responses.

**REQUEST FOR PRODUCTION NO. 2:** Provide a duplicate copy of the Wauwatosa Police Department's investigation relative to the February 2, 2020, incident which is the subject matter of this pending action.

**RESPONSE:** *See* **attached Administrative Review prepared by Lt. Shane Wrucke of the Wauwatosa Police Department and Bates labeled DEFS' RPD (COLE) 000010 – 000032.**

**REQUEST FOR PRODUCTION NO. 3:** Provide a duplicate copy of the Milwaukee Police Department's investigation relative to the February 2, 2020, incident which is the subject matter of this pending action.

**RESPONSE: Objection. This Request seeks disclosure of documents and/or information that may not currently be within the possession, custody, or control of defendants in that this Request is seeking information prepared by and maintained by a third non-party —** *i.e.,* **Milwaukee Police Department. Subject to and without waiving the objections, defendants are in possession of the following documents related to the Milwaukee Police Department's Investigation relative to the February 2, 2020, incident and are being submitted electronically with this Response and are Bates labeled DEFS' RPD (COLE) 000033 – 167761.**

- **Milwaukee Police Department Investigative File containing the following:**
- **Audio Interview of Steven Irvin**
- **Audio Recorded Interview of Officers**
  - **Benjamin Rebholz**
  - **Joseph Wong**
- **Crime Lab**
  - **Video of Crime Scene**
  - **Crime Scene Photos**
  - **CSR Report**
  - **Crime Lab Reports**
- **FB video from inside mall posted to Cole's Facebook page**
- **In Custody Interviews: Body Cam Videos**
- **Cell Phone Extraction Reports – Consent Forms – and Property Release**

- Receipts
  - Kevin Dean
  - Kamari Hill
  - Tyrese Varrner
- **Photos of Hill and Dean**
- **Facebook Downloads and Facebook Search Warrant**
  - Alvin Cole
  - GlockBoy ManMan
- **Interview Recordings**
  - Kamari Hill
  - Tyrese Varner
- **Photos taken by Officer Boree**
- **Interview of Trevon Broadway 04.15.2002**
- **Interview Reports**
  - Officer Wong
  - Officer Rebholz
  - Hill
  - Varner
  - Sara Hopkins
  - Buchmeyer
  - Fosticz
  - Staten-Jordan Interview and Diagrams
  - Firefighters and Cheesesteak Factory Employees
- **Mayfair Mall Videos**
- **MCTS Video**
- **ME Office Photos and Reports**
- **Non-Emergency Call**
- **Norstrom Video**
- **Police Officer Photos**
- **Photos at ME's Drying Room and MPD's Lab**
- **Dispatch Audo and Radio Transmissions**
- **WPD Squad Camera Footage**
  - P254 Schleis
  - P242 Johnson
  - P243 Olson
  - P245 Grosenick
  - P253 Shamsi
  - P236 Mensah
- **Video Recorded In-Custody Interviews**
- **WAPD Report**
- **MPD CAD**
- **MPD Inventories**
- **MPD Reports**
- **WI State Patrol 2D and 3D Scans and Reports**
  - Crime Reconstruction Report
  - Technical Reconstruction Report

BAYNARD DECL. EXHIBIT A

- **Attendance List OIS Mayfair Mall**

**REQUEST FOR PRODUCTION NO. 4:** Provide a duplicate set of the squad video(s), to include all digital and analog audio, of each of the investigating officers who responded to the Subject Incident, including Mensah's, which is the subject matter of this pending action.

**RESPONSE:** *See* videos provided in response to Request No. 3.

**REQUEST FOR PRODUCTION NO. 5:** Provide all of Your notes as they relate to the Plaintiff.

**RESPONSE: Defendants are not in possession of any documents responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 6:** Provide a copy of all communications or correspondence You sent to and/or received from any person with respect to the allegations contained in the Amended Complaint.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, vague, and not limited in scope. As written, it is unclear what information Plaintiffs seek. Moreover, this Request seeks information that may be attorney work product in that it Request communications regarding the Amended Complaint. Subject to and without waiving the objections, Defendants are not aware of any documents responsive to this request other than what is being provided herein.**

**REQUEST FOR PRODUCTION NO. 7:** Provide the complete and uncensored employment records for WPD Officers Shamsi, Schleis, Johnson, Olson, and Mensah, including personnel files, internal files, and human resources documents.

**RESPONSE: Objection. This Request seeks documents that are not relevant to any party's claim or defense. The allegations in this Complaint involve a shooting that occurred on February 2, 2020, by Officer Mensah. WPD Officers Shamsi, Schleis, Johnson and Olson are not named Defendants in this action. Further, this Request is not limited in scope to any relevant period of time and requests "all documents" and relies on the undefined term "complete and uncensored."**

**Subject to and without waiving the foregoing objections,** *See* **the personnel file of**

**Joseph Mensah submitted electronically and bates labeled <u>DEFS' RPD (COLE) 167762 – 167944</u>.**

**Regarding non-party officers – Shamsi, Schleis, Johnson, and Olson,** *See* **attached ACADIS Training Records submitted electronically and bates labeled <u>DEFS' RPD (COLE) 167945 – 167963</u>.**

**REQUEST FOR PRODUCTION NO. 8:** Provide a copy of all handbooks, training manuals, transcripts, videos, etc. as they relate to the Wauwatosa Police Department and its officers.

**RESPONSE: Objection. This Request is overly broad, non-specific, unduly burdensome, not limited to scope and time, and further seeks documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, the Wauwatosa Police Department does not have a "handbook" – relevant documents are being submitted electronically with this Response and are bates labeled <u>DEFS' RPD (COLE) 168127 – 168147</u>.**

a. WPD Use of Force Policy #16-12
b. WPD Less Lethal Extended Range Impact Devices Policy #17-13
c. WPD Less Lethal Impact Targets Addendum
d. WPD Investigation of Law Enforcement Involved Fatalities / Great Bodily Harm Policy #17-11

**REQUEST FOR PRODUCTION NO. 9**: Provide the specific training logs for officers Shamsi, Schleis, Johnson, Olson, and Mensah, from January 1, 2005, to the present.

**RESPONSE: As to Officer Mensah,** *see* **documents produced in response to Interrogatory No. 1 above. Object as to Officers Shamsi, Schleis, Johnson, and Olson as their training logs are not relevant to any party's claim or defense. The allegations in this Complaint involve a shooting that occurred on February 2, 2020, by Officer Mensah. WPD Officers Shamsi, Schleis, Johnson and Olson are not named Defendants in this action. Subject to and without waiving the objection,** *see* **Response to Request No. 7.**

**REQUEST FOR PRODUCTION NO. 10**: Provide all discipline records, citizen complaints, and notes pertaining to the discipline records and citizen complaints for officers Shamsi, Schleis, Johnson, Olson, and Mensah, from January 1, 2005 to the present.

**RESPONSE: As to Officer Mensah,** *see* **documents produced in response to Request for Production No. 7, above. Object as to Officers Shamsi, Schleis, Johnson, and Olson as their "discipline records, citizen complaints, and notes pertaining to the discipline records and**

12

citizen complaints" are not relevant to any party's claim or defense. The allegations in this Complaint involve a shooting that occurred on February 2, 2020, by Officer Mensah. WPD Officers Shamsi, Schleis, Johnson and Olson are not named Defendants in this action.

**REQUEST FOR PRODUCTION NO. 11**: Please provide any and all communications sent or received from, to, or including the following persons; Joseph Mensah, Barry Weber, members of the Wauwatosa Police Department, members of Wauwatosa's Common Council, Attorney Chris Smith, Attorney Jon Cermele, James Archambo, and City of Wauwatosa employees and contracted employees whether it be by email, letter, text messages, and any other statements or documents from February 2, 2020 through the present, regarding the fatal shooting of Alvin Cole.

**RESPONSE**: Objection. This Request seeks documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Furthermore, communications between Attorney Chris Smith and/or Attorney Jon Cermele relevant to this suit are protected by attorney/client privilege. Defendants are not in possession of any text messages between the identified individuals named in this suit.

Defendants are currently reviewing emails obtained with the following search criteria, which produced 3,000+ e-mails, and will be produce all responsive emails upon completion of review:

**Search Criterial**
SEARCH DATE: 12/15/2022
SEARCHED BY: Jalal Ali
OUTPUT COUNT: 3144
SEARCH ID: 20761

SEARCH CRITERIA:
==========================
Email Date on or after    2020-02-02 AND
Email Date on or before 2022-12-01 AND
Email body contains "Alvin" and "Cole" within 5 words of each other

**REQUEST FOR PRODUCTION NO. 12**: Please provide all training materials, memorandums, reports, communications, or other documentation from or to Joseph Mensah, Barry Weber, members of the Wauwatosa Police Department, members of Wauwatosa's Common Council, City of Wauwatosa contracted employees, and City of Wauwatosa employees regarding

13

MAYNARD DECL. EXHIBIT A

the Alvin Cole shooting supplied to or by the Cities and Villages Mutual Insurance.

**RESPONSE: No such documents exist.**

**REQUEST FOR PRODUCTION NO. 13**: Please provide all insurance policies in force for the City of Wauwatosa which cover wrongful death and excessive force claims.

**RESPONSE:** *See* **attached documents submitted electronically with this Response and Bates labeled DEFS' RPD (COLE) 167964 – 167990.**

**REQUEST FOR PRODUCTION NO. 14**: Please produce any and all severance agreements entered into between the City of Wauwatosa and Joseph Mensah from February 2, 2020, to the present.

**RESPONSE:** *See* **attached documents submitted electronically with this Response and Bates labeled DEFS' RPD (COLE) 167991 – 167996.**

**REQUEST FOR PRODUCTION NO. 15:** Please provide any and all documents in relation to psychological assessments, letters from medical professionals, fitness for duty assessments, psychological evaluations conducted from January 1, 2015, through October 31, 2020 that are in the possession of the City of Wauwatosa and the WPD with regards to Mensah.

**RESPONSE: Objection. This Request seeks documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Further, this request seeks privileged information. Subject to and without waiving the foregoing objections,** *see* **documents submitted electronically with Response No. 7 – referenced below:**

- **December 15, 2016: Letter signed by Dr. Bauman re Joseph A. Mensah Fitness for Duty (Bates labeled DEFS' RPD (COLE) 167805 - 167806)**
- **August 21, 2020: Letter from ABC medical re Joseph Mensah treatment by Jay Schrinsky (Bates labeled DEFS' RPD (COLE) 167796)**
- **August 31, 2020: Letter from Dr. Bauman re Joseph A. Mensah Fitness for Duty (Bates labeled DEFS' RPD (COLE) 167797)**

*and*

- **September 14, 2020, Letter from Marcia Williams bates labeled DEFS' RPD (COLE) 167997.**

14

Case 2:21-cv-00848-LA    Filed 08/25/23    Page 14 of 19    Document 101-1
BAYNARD DECL. EXHIBIT A

**REQUEST FOR PRODUCTION NO. 16:** Please provide all documents regarding the hiring of Mensah by the City of Wauwatosa for the WPD including by but not limited to his application, resume, educational transcripts, evaluation materials, psychological assessments conducted in 2014 or 2015 prior to Mensah being hired, letters of recommendation or references, any and all documents received from his prior employment before he was hired to work at the WPD on January 1, 2015.

**RESPONSE:** Objection. This Request seeks documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to and without waiving the objection, *see* all discoverable documents submitted electronically with Response No. 7 as outlined below:

- **Letter and Certificate – Qualified to be Law Enforcement Officer in State of WI**
- **Certificate of Completion – Madison Technical College**
- **UW Milwaukee Transcript**
- **Application for Employment**
- **Law Enforcement Assessment (12/01/2014)**
- **Background Investigation**
- **Medical History and Physical Examination**

**REQUEST FOR PRODUCTION NO. 17:** Please provide the complete documents for the below trainings, procedures, and embedded videos, links, documents, etc. of the following training as it existed from January 1, 2015 through June 23, 2016 by the WPD:

a. WPD Use of Force Training
b. WPD Officer Involved Fatalities Policies
c. WPD Fitness for Duty Policy and Procedures
d. WPD Less than Lethal Training
e. Memorandum of Understanding and Standard Operating Procedure of Investigation of Law Enforcement Involved Fatalities / Great Bodily Harm
f. WPD Policy on Police Involved Fatalities
g. Milwaukee County Protocols to Investigate Officer Involved Critical Incidents in Milwaukee County as its Standard Operating Procedure

**RESPONSE:** Objection. This Request seeks documents that are not relevant to any party's claim or defense and is disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, please see documents submitted electronically with this Response and bates labeled **DEFS' RPD (COLE) 167998 – 168116.**

**Some of the "training materials" are redacted because the training materials address specific methods that are utilized by an officer when facing individual threats. Giving a criminal or "bad actor" access to the exact method that an officer can be expected to carry out, based on their training, in response to very specific individual threats may well assist an individual in breaking the law, or put law enforcement lives in danger. The unredacted versions will be produced subject to Defendants' Proposed Protective Order or denial of said order by the court.**

Dated at Wauwatosa, Wisconsin this 21st day of December 2022.

                                              AS TO REQUESTS TO ADMIT,
                                              REQUESTS FOR PRODUCTION OF
                                              DOCUMENTS AND OBJECTIONS

                                              WIRTH + BAYNARD
                                              Attorneys for Defendants

                                              *Jasmyne Baynard* (signature)
                                              Jasmyne M. Baynard, WI Bar No. 1099898
                                              9898 W. Bluemound Road, Suite 2
                                              Wauwatosa, Wisconsin 53226
                                              T: (414) 291-7979 / F: (414) 291-7960
                                              Email: jmb@wbattys.com

Dated this _Dec 21, 2022_ day of December 2022.  AS TO INTERROGATORY NO. 1

                                                     *JMensah*
                                                     JMensah (Dec 21, 2022 12:35 CST)

Subscribed and sworn to before me            JOSEPH MENSAH
this _____ day of December 2022.

_____
Notary Public, State of Wisconsin
My Commission expires _____

17

BAYNARD DECL. EXHIBIT A

Dated this 21ST day of December 2022.    AS TO INTERROGATORY NOS. 2, 3, 4, and 5

_____
On behalf of the City of Wauwatosa

Subscribed and sworn to before me
this 21ST day of December 2022.

_____
Notary Public, State of Wisconsin
My Commission expires 07|29|25

18

BAYNARD DECL. EXHIBIT A

Dated this 21st day of December 2022.

Subscribed and sworn to before me this _____ day of December 2022.

_____
Notary Public, State of Wisconsin  My Commission expires _____

**Signature:** *Barry M. Weber*
Barry M. Weber (Dec 21, 2022 10:51 CST)

**Email:** barryweber01@gmail.com

AS TO INTERROGATORY NOS. 5 and 6

_Barry M. Weber_____
BARRY WEBER