**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

ESTATE OF ALVIN COLE, by and through its
Special Administrator, Tracy Cole,
TRACY COLE, and
ALBERT COLE,

                                             CASE NO. 22-cv-00856

                  Plaintiffs,

v.

CITY OF WAUWATOSA,
JOSEPH MENSAH,
BARRY WEBER,
CITIES AND VILLAGES MUTUAL INSURANCE COMPANY, and
ABC INSURANCE COMPANY,

                  Defendants.
_____

**DEFENDANTS' ANSWER TO PLAINITFFS' AMENDED COMPLAINT**
_____

Defendants, City of Wauwatosa, Joseph Anthony Mensah, Barry Weber, and Cities and Villages Mutual Insurance Company, by their attorneys, Wirth + Baynard, submit their Answer to Plaintiffs= Amended Complaint (Dkt. No. 20) as follows:

## I.     INTRODUCTION

This paragraph does not contain a complete or cohesive allegation. To the extent a response is required, deny, and put Plaintiffs to their proof.

## II.     JURISDICTION AND VENUE

1.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

2.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

1

BAYNARD EXHIBIT C

3.      Upon information and belief, admit.

### III.     PARTIES

4.      Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

5.      Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

6.      Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

7.      Admit that the City of Wauwatosa is a Municipal Corporation organized under the State of Wisconsin with its principal place of business located at 7725 W. North Ave, Wauwatosa, WI 53213. As a further answer, admit the powers conferred by the City of Wauwatosa over the Wauwatosa Police Department are proscribed by Wisconsin Statutes.  As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

8.      Upon information and belief, admit.

9.      Admit that Joseph Mensah is an adult citizen and resident of the State of Wisconsin. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

10.     Pursuant to the Court's April 11, 2023, Order (ECF 54), Cities and Village Mutual Insurance Company is no longer a party to this action thus, no response to this allegation is required. To the extent a response is required, admit that Cities and Villages Mutual Insurance Company ("CVMIC") has a principal office located at 9898 W. Bluemound Rd., Wauwatosa, WI 53226 and that CVMIC issued a policy of liability insurance to the City of Wauwatosa and that all

BAYNARD DECL. EXHIBIT C

coverage and exclusions therein are fully set out in said policy.

11.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

## IV.     BACKGROUND

12.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

13.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

14.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

15.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

16.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

17.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

18.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

19.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

20.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

21.     Lack knowledge and information sufficient to form a belief as to the truth or falsity

BAYNARD DECL. EXHIBIT C

of this Paragraph, and therefore deny and put Plaintiffs to their proof.

22.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

23.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

24.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

25.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

26.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

27.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

28.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

29.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

30.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

31.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

32.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

BAYNARD DECL. EXHIBIT C

33.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

34.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

35.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

36.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

37.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

38.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

39.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

40.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

41.     Deny.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Defendants deny all allegations of unlawfulness.

46.     Deny.

47.     Deny.

BAYNARD DECL. EXHIBIT C

48.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

49.     Deny.

50.     Deny.

51.     Deny.

52.     Admit that Officer Mensah has been involved in three officer-involved shootings.

53.     Deny.

54.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

55.     Deny.

56.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Admit.

61.     Deny.

62.     Deny.

63.     Deny.

64.     Admit that when Antonio came out of his house, he *was* holding a sword. As to the remaining allegations, deny.

65.     Admit that Officer Mensah fired his weapon at Antonio. As to the remaining allegations, deny.

BAYNARD DECL. EXHIBIT C

66.     Deny.

67.     Deny.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

73.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

74.     Deny the characterization that Mensah took actions to conceal any conduct and further deny all allegations of unlawfulness.

75.     Deny.

76.     Admit.

77.     Deny.

78.     Deny.

79.     Deny.

80.     Deny.

81.     Deny that Weber had the sole authority to put Mensah back on patrol after the shooting. Admit that after the DA clearance, Weber had the authority to put Mensah back on patrol.

82.     Deny.

83.     Deny.

84.     Deny.

85.     Deny.

7

BAYNARD DECL. EXHIBIT C

86.    Deny.

87.    Deny.

88.    Deny.

89.    Deny.

90.    Deny.

91.    Deny.

92.    Admit Mensah saw a gun on the passenger seat of the vehicle. As to the remaining allegations, deny.

93.    Deny.

94.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

95.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

96.    Deny.

97.    Deny.

98.    Deny.

99.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

100.   Deny.

101.   Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

102.   Deny.

103.   Lack knowledge and information sufficient to form a belief as to the truth or falsity

BAYNARD DECL. EXHIBIT C

of this Paragraph, and therefore deny and put Plaintiffs to their proof.

104.     Deny.

105.     Deny.

106.     Deny.

107.     Deny.

108.     Admit.

109.     Deny.

110.     This paragraph does not contain a complete and coherent allegation. Accordingly, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

111.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

112.     Deny.

113.     Deny.

114.     Deny.

115.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

116.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

117.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

**B.     EXCESSIVE USE OF FORCE AGAINST MR. ALVIN COLE**

118.     Admit.

9

BAYNARD DECL. EXHIBIT C

119. Admit that Wauwatosa Police Officers were dispatched for a report of a domestic dispute with a possible gun involved. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

120. Deny.

121. Admit.

122. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

123. Deny.

124. Admit that Mr. Cole shot himself. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

125. Deny.

126. Deny.

127. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

128. Deny.

129. Deny.

130. Deny.

131. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

132. Deny.

133. Deny.

134.   Deny.

135.   Admit that Officer Mensah was the only officer that discharged a weapon during the February 2, 2020, incident.

136.   Deny.

137.   Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

138.   Deny.

139.   Admit.

140.   Admit that Officer Mensah was the only officer that discharged a weapon during the February 2, 2020, incident. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

141.   Deny.

142.   Deny.

143.   Deny.

144.   Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph as worded, and therefore deny and put Plaintiffs to their proof.

145.   Admit that Mensah did not obtain the gun nor detain Cole after the shooting.

146.   Deny.

147.   Deny.

148.   Admit that Officer Mensah has been involved in three officer-involved shootings. Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of this Paragraph, and therefore deny and put Plaintiffs to their proof.

149.    Upon information and belief, admit.

150.    Deny.

151.    Deny.

152.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of this Paragraph, and therefore deny and put Plaintiffs to their proof.

153.    Admit that Mensah was awarded a Medal of valor; but deny that Mensah was awarded the Medal of Valor for killing Cole.

154.    Admit that Weber believed Mensah's use of deadly force against Cole was justified, but deny the characterization that Weber believed it was "valorous."

155.    Deny.

156.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of this Paragraph, and therefore deny and put Plaintiffs to their proof.

157.    Upon information and belief, admit.

158.    Deny.

### V.    CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourth Amendment**
**Excessive Force**
**(Plaintiff Estate of Alvin Cole against Defendants Joseph Mensah, Barry Weber,**
**and City of Wauwatosa)**

159.    Defendants reallege and incorporate paragraphs 1 through 158 of this Answer.

160.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

161.    Deny.

162.    Admit.

163.    Deny.

164.    Demy.

165.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

166.    Deny.

167.    Deny.

168.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

169.    Deny.

170.    Deny.

171.    Deny.

172.    Deny.

173.    Deny.

174.    Paragraph 174 contains a legal conclusion for which no response is needed. To the extent a response is required, Defendants deny all allegations of unlawfulness.

175.    Deny.

175.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

176.    Deny.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Fourteenth Amendment
### Failure to Train and Supervise
### (Plaintiff Estate of Alvin Cole Against Defendant City of Wauwatosa and Defendant Weber)

177.    Defendants reallege and incorporate paragraphs 1 through 176 of this Answer.

13

BARNARD DEFEND. EXHIBIT C

178. Deny.

179. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

180. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

181. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph as worded, and therefore deny and put Plaintiffs to their proof.

182. Deny.

183. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

184. Deny.

185. Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

186. Deny.

187. Deny.

188. Deny.

189. Deny.

190. Deny.

191. Deny.

192. Deny.

193. Deny.

194. Deny.

195. Deny.

BAYNARD DEFDT. EXHIBIT C

196.    Deny.

## THIRD CLAIM FOR RELIEF
### 42 U.S.C. §1983 – Fourteenth Amendment
### Denial of Equal Protection
### (Estate of Alvin Cole against All Defendants)

197.    Defendants reallege and incorporate paragraphs 1 through 196 of this Answer.

198.    Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

199.    Admit.

200.    Deny.

201.    Deny.

202.    Paragraph 202 contains a legal conclusion for which no response is needed. To the extent a response is required, Defendants deny all allegations of unlawfulness.

203.    Deny.

204.    Deny.

205.    Deny.

206.    Deny.

207.    Deny.

208.    Deny.

209.    Deny.

## FOURTH CLAIM FOR RELIEF
### *MONELL* CLAIM
### Plaintiffs v. City of Wauwatosa

210.    Defendants reallege and incorporate paragraphs 1 through 209 of this Answer.

211.    Deny.

212.    Deny.

15

BARNARD DECL. EXHIBIT C

213.     Paragraph 213 contains a legal conclusion for which no response is needed. To the extent a response is required, admit.

214.     Deny.

215.     Deny.

216.     Deny.

217.     Deny.

218.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of this Paragraph, and therefore deny and put Plaintiffs to their proof.

219.     Deny.

220.     Deny.

221.     Deny.

222.     Deny.

223.     Deny.

### FIFTH CLAIM FOR RELIEF – DELIBERATE INDIFFERENCE
### 42 U.S.C. §1983 – Deliberate Indifference
### (All Plaintiffs v. Defendants City of Wauwatosa and Barry Weber)

224.     Defendants reallege and incorporate paragraphs 1 through 224 of this Answer.

225.     The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Fifth Claim for Relief thus, no response to this allegation is required. To the extent a response is required, Defendants deny all allegations of unlawfulness.

226.     The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Fifth Claim for Relief thus, no response to this allegation is required. To the extent a response is required, Defendants deny all allegations of unlawfulness.

227.     The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Fifth Claim for

BARNARD DECL. EXHIBIT C

Relief thus, no response to this allegation is required. To the extent a response is required, Defendants deny all allegations of unlawfulness.

228.    The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Fifth Claim for Relief thus, no response to this allegation is required. To the extent a response is required, Defendants deny all allegations of unlawfulness.

229.    The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Fifth Claim for Relief thus, no response to this allegation is required. To the extent a response is required, Defendants deny all allegations of unlawfulness.

230.    The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Fifth Claim for Relief thus, no response to this allegation is required. To the extent a response is required, Defendants deny all allegations of unlawfulness.

231.    The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Fifth Claim for Relief thus, no response to this allegation is required. To the extent a response is required, Defendants deny all allegations of unlawfulness.

**SIXTH CLAIM FOR RELIEF**
**Wisconsin Statute § 895.46**
**Indemnification against Wauwatosa**
**(All Plaintiffs v. All Defendants)**

232.    Defendants reallege and incorporate paragraphs 1 through 231 of this Answer.

233.    The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

234.    The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

235.    The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

17

BRANARD DEFENDANT EXHIBIT C

236. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

237. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

238. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

239. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

241. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

242. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

243. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

244. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Sixth Claim for Relief thus, no response to this allegation is required.

### SEVENTH CLAIM FOR RELIEF
### Direct Action Statute – Wis. Stat. § 632.24
### (Against Defendant Insurance Companies)

245. Defendants reallege and incorporate paragraphs 1 through 244 of this Answer.

246. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Seventh Claim for Relief thus, no response to this allegation is required.

247. The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Seventh Claim for Relief thus, no response to this allegation is required.

BRANARD DEFEND EXHIBIT C

248.     The Court's April 11, 2023, Order (ECF 54) dismissed Plaintiffs' Seventh Claim for Relief thus, no response to this allegation is required.

**EIGHTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourteenth Amendment**
**Loss of Society and Companionship**
**(Plaintiffs Tracy Cole and Albert Cole Against all Defendants)**

249.     Defendants reallege and incorporate paragraphs 1 through 248 of this Answer.

250.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of this Paragraph, and therefore deny and put Plaintiffs to their proof.

251.     Deny.

252.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of this Paragraph, and therefore deny and put Plaintiffs to their proof.

253.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of this Paragraph, and therefore deny and put Plaintiffs to their proof.

254.     Lack knowledge and information sufficient to form a belief as to the truth or falsity of the remainder of this Paragraph, and therefore deny and put Plaintiffs to their proof.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

a.      These Defendants deny the Plaintiffs are entitled to the relief requested.

b.      These Defendants deny the Plaintiffs are entitled to the relief requested.

c.      These Defendants deny the Plaintiffs are entitled to the relief requested.

d.      These Defendants deny the Plaintiffs are entitled to the relief requested.

e.      These Defendants deny the Plaintiffs are entitled to the relief requested.

f.      These Defendants deny the Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' state law claims are subject to the procedural prerequisites for bringing or maintaining a cause of action under § 893.80(1)(a) and (1)(b), Wis. Stats., and the exclusions, immunities and limitations on liability set forth in § 893.80, Wis. Stats.

3.      Any injuries or damages suffered by the Plaintiffs were caused by their own conduct and/or the conduct and contributory negligence of a third party other than the Defendants.

4.      The action of the Plaintiff was for the sole purpose of provoking law enforcement to arrest them and were done for no other lawful reason.

5.      The Plaintiffs may have failed to mitigate their damages.

6.      All of the acts for the answering Defendants were in good faith and not motivated by malice or the intent to harm.

7.      Plaintiffs are not entitled to punitive damages.

8.      Defendants are entitled to qualified immunity from suit.

9.      Defendants are entitled to discretionary act immunity.

10.     The injuries and damages, if any, were not caused by a governmental policy or practice of these Answering Defendants.

11.     The Court lacks personal jurisdiction over ABC Insurance Company because Plaintiffs have not properly served them in this action.

12.     No individual defendant can be found liable for the actions of any other individual defendant(s) under a theory of respondeat superior, or supervisory liability.

13.     Plaintiffs lack standing to sue.

BAZNARD DEFENT EXHIBIT C

**WHEREFORE**, Defendants demand judgment dismissing this matter and awarding them their costs and reasonable attorney's fees.

### THE DEFENDANTS DEMAND A JURY TRIAL

Dated at Wauwatosa, Wisconsin this 25ᵗʰ day of August 2023.

**WIRTH + BAYNARD**
Attorneys for Defendants

 */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Email: jmb@wbattys.com

21

Case 2:21-cv-00848-LA    Filed 08/25/23    Page 21 of 21    Document 121-3    BAYNARD DECL. EXHIBIT C