UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF ANTONIO GONZALES, et al., | Case No: 21-cv-0848 |
| Plaintiffs, | |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

| | |
|---|---|
| ESTATE OF JAY ANDERSON, JR., et al., | Case No: 21-cv-1179 |
| Plaintiffs, | |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

| | |
|---|---|
| ESTATE OF ALVIN Cole, et al., | Case No: 22-cv-0856 |
| Plaintiffs, | |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' EXPEDITED LOCAL RULE 7(h) MOTION TO ENLARGE TIME TO FILE A LATE ANSWER (Dkt. # 100)**

Plaintiffs oppose Defendants' motion to enlarge time. Defendants failure to timely file answers is not the product of excusable neglect but of inadvertence. The Court should not save Defendants from the failure of their counsel and weak excuses.

## FACTS

The relevant facts are in the Anderson Response Brief, ECF 90, at pp. 9-11 and the Cole Response Brief, ECF 94, at 7-9, and the Declaration of Nathaniel Cade in Opposition, ECF 103.

## ARGUMENT

Defendants failed to file answers within 14 days in Anderson or Cole once the Court issued its decision on the Motions to Dismiss, or by April 25, 2023. FRCP 12(a)(4). This Court should deny the motion to enlarge time and deem the factual allegations in the complaints admitted.

1. **The failure to answer the amended complaints are admissions for summary judgment.**

For purposes of summary judgment, an allegation is deemed admitted if a responsive pleading is required and the allegation is not denied. *Modrowski v. Pigatto,* 712 F.3d 1166, 1170 (7th Cir. 2013)("Indeed, Modrowski might have **conclusively established** most of the material facts alleged in his complaint simply by highlighting the defendants' failure to file a timely answer to his first amended complaint. . . The defendants' unorthodox strategy of responding to Modrowski's first amended complaint with a motion for summary judgment, unaccompanied by any other responsive pleading, was thus risky, because Modrowski could have pointed to "admissions on file" to support his allegations.")(citation omitted).

Similar to *Modrowski*, this Court is on solid ground to deny the motion to enlarge time because other courts have found the failure to file an answer is fatal to a motion for summary judgment.  so in similar circumstances. *See, e.g., Barwin v. Village of Oak Park*, 2021 WL 6882305, *1 (N.D. Ill. Apr. 30, 2021)("There is a distinction between relying on the *allegations* in the complaint . . . and relying on the defendant's *admission* of those allegations. Barwin has done

2

Case 2:21-cv-00848-LA   Filed 08/25/23   Page 2 of 5   Document 102

the latter."(italics in original)), *aff'd in part, rev'd in part and remanded*, 54 F.4th 443 (7th Cir. 2022); *N.L.R.B. v. Dane County Dairy*, 795 F.2d 1313, 1318, 1323 (7th Cir. 1986) (affirming grant of summary judgment in favor of plaintiff where defendant failed to answer the complaint); *Central Natl. Gottesman, Inc. v. J.S. Paluch Co., Inc.,* 2021 WL 2939968, *4, n. 6 (N.D. Ill. July 12, 2021)(deciding that the failure to file an answer deems the factual allegations in the complaint as true and a plaintiff can rely on those admissions to defeat a defendant's summary judgment motion), citing *Modrowski*; *Finkel v. Romanowicz*, 577 F.3d 79, 81 n.1 (2d Cir. 2009)(noting a defendant "is therefore deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability" by failing to file an answer); *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 526-27 (5th Cir. 2021)(reversing district court's decision to allow defendant to file an untimely answer because it "was unfairly prejudicial to [the plaintiff]" and reserving summary judgment in favor of the defendant because the defendant's failure to file an answer deemed the allegations in the complaint admitted); *Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996)("By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, *Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually.*")(emphasis added); *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254 (10th Cir. 2017); *Pesce v. City of Des Moines*, 439 F. Supp. 3d 1101, 1108-1109 (S.D. Iowa 2020); *Malison v. Azar*, 2018 WL 11344411, *7 (N.D. Ga. November 29, 2018), citing *Modrowski*.

2. **There is no excusable neglect.**

This Court must deny the motion to extend time because the failure to file the answers are not excusable neglect . Courts should take the burden of showing "excusable neglect" seriously lest parties ignore deadlines with impunity. *Donald v. Cook County Sheriff's Dep't.,* 95 F.3d 548, 558 (7th Cir. 1996). Excusable neglect also requires more than just a blanket statement that the omission was oversight. *Moje v. Federal Hockey League, LLC*, 792 F.3d 756, 759 (7th Cir. 2015).

3

Interestingly, Defendants cite zero cases to enlarge time to allow an answer to defeat summary judgment. All of the factors in *Moje* counsel against an extension of time, especially where Plaintiffs do not seek a default judgment.

Here, defense counsel on March 23, 2023 received a FRCP 30(b)(6) notice and that notice specifically noted that a Wauwatosa corporate defendant be prepared to discuss, among other things "[T]he factual bases for Wauwatosa's ***answers*** to the Antonio Gonzales, Jay Anderson and Alvin Cole complaints, ***including Affirmative Defenses***;" Cade Decl., Ex. 1, at p.4 (emphasis added). Defendants produced a witness, Attorney Hanna Kolberg, on May 23, 2023 to testify as the Wauwatosa corporate designee. Cade Decl., Ex. 2, at 4:24-8:10. So Defendants essentially admit that they produced a witness to testify at a 30(b)(6) deposition (***more than 6 weeks after*** the Court's decision (ECF 54)) who could not have been prepared to testify because she could not have reviewed the answers in <u>Anderson</u> or <u>Cole</u> *as there were no answers!!!* Defendants are not guilty of excusable neglect; Defendants are guilty of flaunting the rules.

Defendants suggestion that they were busy preparing for a federal trial so they failed to answer is purposely mislead this Court. Attorneys Baynard, Kyle Moore and Ann Wirth all entered their appearance in <u>Gonzales</u> on Dec. 3, 2021 and in <u>Anderson</u> on Dec. 17, 2021. Neither Ann Wirth or Kyle Moore participated in that lawsuit before Judge Joseph, Cade Decl., Ex. 3, and Attorney Moore did not depart the defendants' law firm until June 1, 2023. ECF 62. Certainly Ann Wirth or Kyle Moore could have filed the answers by April 25, 2023, but did not.

Further, as noted in the responses to summary judgment, Defendants **<u>never filed</u>** an answer to the <u>Cole</u> complaint or the amended complaint. And Plaintiffs provide this Court with a claims chart to show which claims were new and for which no prior response was ever raised in the original pleadings. There is no excusable neglect here. Defendants erred, and the end result should be the denial of Defendants' motions for summary judgment.

Dated this 25th day of August, 2023.

                         **CADE LAW GROUP LLC**

                         By: s/Nathaniel Cade, Jr.
                              Nathaniel Cade, Jr., SBN 1028115
                              P.O. Box 170887
                              Milwaukee, WI 53217
                              (414) 255-3802 (phone)
                              (414) 255-3804 (fax)
                              nate@cade-law.com

                              Attorneys for Plaintiffs