# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF ANTONIO GONZALES, et al., | |
| Plaintiffs, | Case No: 21-cv-0848 |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

| | |
|---|---|
| ESTATE OF JAY ANDERSON, JR., et al., | |
| Plaintiffs, | Case No: 21-cv-1179 |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

| | |
|---|---|
| ESTATE OF ALVIN Cole, et al., | |
| Plaintiffs, | Case No: 22-cv-0856 |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

**PLAINTIFFS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION
TO STRIKE DEFENDANTS' MOTION TO EXTEND TIME (Dkt. # 100)**
_____

Plaintiffs in the Jay Anderson case (21-cv-1179) and Alvin Cole case (Case No. 22-cv-0856) (collectively, "Plaintiffs"), by and through their undersigned counsel, files this motion, pursuant to E.D. Wisconsin Civil Local Rule 7(h), request the Court strike Defendants' Motion to Extend Time (Dkt. #s 100) for violating the local rule.

Specifically, Local Rule 7(h) provides that:

> (h) Expedited Non-Dispositive Motion Practice.
>
> (1) Parties in civil actions may seek non-dispositive relief by expedited motion.
>
> . . .
>
> (2) The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. **The motion must not exceed 3 pages excluding any caption and signature block**. . . .

Here, Defendants' motion to extend time, Dkt. 100, violated that rule and is more than 3 pages; it is 3 ½ pages. Counsel for Plaintiffs did send a professional courtesy email to Defense counsel, requesting that the motion to extend time be amended to account for the professional courtesy. Declaration of Nathaniel Cade, Jr., at Ex. 6. Rather than take advantage of the professional courtesy, a simple emoji "thumbs up" was sent in reply. *Id.*

While a ½ page violation may seem trivial, it is especially disconcerting where Defendants are seeking relief from the Court specifically for not following the rules with regards to the timely-filing of their answers to the Amended Complaints in Anderson and Cole. Ironically, Defendants complained that the first time that they knew they had failed to file their answers was in Plaintiffs' response to Defendants' motions for summary judgment.

Here, Plaintiffs counsel actually alerted the defense of the failure to follow the rule and a simple request to fix. Rather than responding "thank you" for noting the error and correcting, the only response was an emoji thumbs up and no further action was taken. And, importantly, it is the same defense counsel who immediately filed an objection to a simple request by Plaintiffs for a 21 day extension to the summary judgment motion in Gonzales, and once confronted with the fact that it was the only extension Plaintiffs would

seek, asked this Court for 30 days to file their replies in <u>Anderson</u> and <u>Cole</u>, where only 14 days is permitted. Of course, once the 30 days was requested, the Plaintiffs agreed without hesitation.

The purpose of Local Rule 7(h) is to force a party seeking relief to be efficient in their word usage and choice of syntax. Sloppiness should not be rewarded. The Court should either strike the motion to extend time, or just deny it outright so the parties can allow a jury to decide what happened in the deaths of Jay Anderson and Alvin Cole.

Dated this 27th day of August, 2023.

                              **CADE LAW GROUP LLC**

By: s/Nathaniel Cade, Jr.
Nathaniel Cade, Jr., SBN 1028115
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com

Attorneys for Plaintiffs