UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF ANTONIO GONZALES, by and through its
its Personal Representative, Sandra Gonzales,

        Plaintiff,        CASE NO. 2:21-cv-00848

v.

CITY OF WAUWATOSA, et al.,

        Defendants.

---

ESTATE OF JAY ANDERSON, JR.
by Special Administrator, Starkeisha DeLaRosa;
J.A. minor child, through her next friend Starkeisha DeLaRosa,

        Plaintiffs,        CASE NO. 2:21-cv-1179

v.

CITY OF WAUWATOSA, et al.,

        Defendants.

---

ESTATE OF ALVIN COLE, by and through its
Special Administrator, Tracy Cole;
TRACY COLE, and ALBERT COLE,

        Plaintiffs,        CASE NO. 22-CV-856

v.

CITY OF WAUWATOSA, et al.,

        Defendants.

---

## DEFENDANTS' CIVIL L.R. 7(H) EXPEDITED MOTION TO EXTEND TIME AND LEAVE TO FILE FORMAL ANSWER TO AMENDED COMPLAINTS OF ANDERSON AND COLE

Defendants, City of Wauwatosa, et. al., by their attorneys, Wirth + Baynard, move the Court pursuant to F.R.C.P. 6(b)(1)(B), for an order enlarging the time to file answers to the Amended Complaints in Anderson (21-CV-01179, ECF 47) and Cole (22-CV-00856, ECF 20).

1

1.      Defendants both timely answered the initial Complaint and moved to dismiss the Amended Complaint in Anderson (21cv01179, ECFs 14, 50). Defendants also timely moved to dismiss the initial and amended Complaint and Amended of Cole. (22cv00856, ECFs 18, 21)

2.      On September 21, 2022, the Court consolidated Gonzales, Anderson, and Cole. (ECF 34) [1]

3.      Plaintiffs filed Amended Complaints in Anderson and Cole (21cv01179, ECF 47 and 22cv00856, ECF 20) and Defendants timely moved to dismiss each.

4.      While Motions to Dismiss were pending, Cole served Request for Admissions upon Defendants and, on December 21, 2022. Defendants responded by denying all contentions within the Request for Admissions that mirrored allegations pled in Cole's Amended Complaint. (Baynard Decl. ¶ 5, Ex. A).

5.      On April 11, 2023, the Court entered its Order granting in part Defendants' motions to dismiss the Anderson and Cole Amended Complaints. (ECF 54) At that time, Defendants had prepared but inadvertently did not file formal Answers to the claims that survived the Court's ruling on the Motions to Dismiss. (Baynard Decl. ¶¶6-7).

6.      On May 1, 2023, Defendants' counsel started a week-long civil trial in the Eastern District of Wisconsin, before Judge Joseph, and the trial involved some of the same attorneys representing Plaintiffs in this matter.[2] The filing deadline here occurred during the preparation for that trial, and although draft answers had been prepared and saved within defense counsels filing system, the press of business led to the inadvertent failure to formally file those Answers. (Baynard Decl. ¶¶7-8).

7.      Discovery continued between the parties in all three cases, including written discovery, depositions, and document production. The Answers, though inadvertently unfiled, were referenced by defense counsel during the various elements of discovery preparation.

8.      Between July 17 and July 31, 2023, Defendants moved for summary judgment seeking dismissal of all three cases on the merits and by application of qualified immunity. (ECFs 69, 78, 82)

---

[1] All ECF references hereafter relate to docket entries filed in the consolidated case (Eastern District of Wisconsin Case No. 21-CV-00848), unless otherwise noted.
[2] See *Aaron et al v. Ratkowski et al.*, (Eastern District of Wisconsin Case No. 2:20-cv-01660-NJ)

9. On August 22, 2023, Plaintiffs responded to Defendants' Motions in Anderson (ECF 90) and Cole (ECF 94). Plaintiffs contend that the Defendants' failure to file Answers to the Amended Complaints deem certain facts admitted for purposes of summary judgment. *See* (ECF 94 pp. 7-9 citing *Modrowski v. Pigatto*, 712 F.3d 1166 (7th Cir.2013)).

10. *Modrowski* is inapplicable because in that case defense counsel intentionally employed an "unorthodox strategy"[3] of answering an amended complaint *via* a motion for summary judgment. Here, Defendants' failure to file Answers to the Anderson and Cole Amended Complaints was instead excusable neglect.

11. The Court has broad discretion to accept late filings under Fed. R. Civ. P. 6(b). This rule allows filings when tardy due to "excusable neglect." *Id*. Excusable neglect is an "elastic concept" that permits courts to accept "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (*quoting Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 392 (1993))

12. Whether neglect is excusable "[i]s at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 759 (7th Cir. 2015).

13. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 394-95 (2014). Here, the acceptance of tardy Answers re-focuses the outcome of this case on the merits, not a "gotcha" reliance on the timing of answers in cases where the merits of the plaintiffs' claims have repeatedly been denied in pleadings and in discovery responses.

---

[3] *See* Modrowski,712 F.3d at 1170

14. Defendants' lack of formal answers to the Amended Complaints. It was also the first time Defendants became aware of the failure. Two days after becoming aware of the failure, counsel filed this motion in good faith to immediately rectify the issue. (Baynard Decl. ¶¶ 10-11).

15. Moreover, Plaintiffs have not moved the Court for default and have not contended that they would be unfairly prejudiced by Defendants' untimely Answers.

16. Since the Court's Decision and Order on the Motions to Dismiss, the parties have continued vigorous litigation of the issues in this case, exchanged numerous communications, conducted multiple depositions, third-party discovery, and negotiated multiple extensions of discovery deadlines and dispositive motion deadlines. In short, the cases have been litigated in the exact manner expected, with no suggestion that the absence of formal answers to Amended Complaints in any way prejudiced the Plaintiffs in the litigation of this matter.

17. Defendants did timely file an answer to the Anderson original Complaint and the factual allegations between the two versions are largely duplicative as are the claims in Cole Amended Complaint. *Compare* (21-cv-01179, ECFS 1 and 54 and 22-cv-00856, ECF 20)

18. The Plaintiffs cannot claim that they were prejudiced by Defendants' oversight; "this [is] clearly a no harm, no foul situation." *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir.1996) (finding no abuse of discretion in the district court's not imposing a default judgment against defendants who failed to file a new answer after the plaintiff amended his complaint). Defendants' responses to Plaintiffs' claims in pleadings and in discovery gave notice that Defendants disputed their allegations. (See, Baynard Decl. ¶5, Exhibit A). The merits of the case will be served by acceptance of the tardy Answers. Further, the Court has not set a trial deadline and has accommodated the parties' prior requests for extensions.

    The failure to file formal Answers to the Anderson and Cole Amended Complaints, given the answer to Anderson's original Complaint and to Cole's Request for Admissions, the absence of any bad faith or gross neglect by Defendants, and the absence of any prejudice to Plaintiffs, all demonstrate good cause for granting Defendants' Request to file the accompanying answers to the Amended Complaints in Anderson (ECF 47) and Cole (ECF 20).

Dated at Wauwatosa, Wisconsin this 26th day of August 2023.

**WIRTH + BAYNARD**
Attorneys for Defendants

 */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979 / F: (414) 291-7960
Email:  jmb@wbattys.com