# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF ANTONIO GONZALES, et al., | Case No.: 21-CV-848-LA |
| Plaintiffs, | |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

| | |
|---|---|
| ESTATE OF JAY ANDERSON, JR., et al., | Case No.: 21-CV-1179-LA |
| Plaintiffs, | |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

| | |
|---|---|
| ESTATE OF ALVIN COLE, et al., | Case No.: 22-CV 856-LA |
| Plaintiffs, | |
| v. | |
| JOSEPH ANTHONY MENSAH, et al., | |
| Defendants. | |

**PLAINTIFFS' EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO FILE A SURREPLY BRIEF IN *COLE* PURSUANT TO LOCAL RULE 7(h) AND 7(i)**

**NOW COMES** Plaintiffs, Estate of Alvin Cole, 22-CV-856, by and through their attorneys, hereby move this Court for leave to file a surreply brief to Defendants' Motion for Summary Judgment Reply Brief in *Cole* pursuant to Local Rule 7(h) and (i).[1]

## LEGAL STANDARD

"The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.,* 599 F.3d 626, 631 n. 2 (7th Cir. 2010)). "In some instances, allowing a filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Univ. Healthsystem Consortium v. United Health Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *In re Sulfuric Acid Antitrust Litg.,* 231 F.R.D. 320, 329 (N.D. Ill. 2005)). Furthermore, courts historically wish to allow the parties a full opportunity to be heard to ensure that a proper decision is made with as much information as possible. See Schmidt v. Eagle Waste & Recycling, Inc., 599 F.3d 626, 631 n.2 (7th Cir. 2010).

## ARGUMENT

In their reply brief, Defendants made several erroneous statements of fact directly contradicted by the record and by Plaintiffs' citations. In fact, when reviewing their submissions, numerous statements are devoid of any citation or authority and boldly contradict the record. When reviewing Plaintiffs' materials filed in response to summary judgment, it is nearly impossible for Defendants to assert that many of the contested facts

---

[1] The cases have been consolidated under *Estate of Antonio Gonzales, et al v. Joseph Mensah, et al*. (21-CV-848). This surreply addresses the Defendants' reply to summary judgment in the *Estate of Alvin Cole*, Dkt. 116.

are "undisputed" and "uncontested," yet such assertions are repeatedly made. In combination with addressing those key flaws with substantive arguments that have evidentiary support, Plaintiffs' surreply brief wishes to emphasize a critical component that allows this case to proceed to trial: the law is clear that the failure to file a timely answer generates admissions of fact. Plaintiffs are certainly not asking for the typical relief of a default judgment, but instead request this Court to allow the parties to proceed to trial on the myriad of disputed issues. The Seventh Circuit has a well-established policy favoring a trial on the merits of a case as opposed to default judgment. *See Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

Defendants wholly fail to take responsibility for their mistake and instead haphazardly assert that the failure to file an answer is excusable neglect, at best. Additionally, Defendants seem to suggest that their failure to reply is somehow the fault of Plaintiffs. As emphasized in the surreply brief attached hereto, *see* Declaration of Annalisa Pusick, Exhibit A (Plaintiffs' Surreply Brief in Cole), Defendants not only failed to rectify this mistake in *Anderson* where they filed one answer before Plaintiffs filed an amended complaint in which several new claims were asserted, and they filed a motion to dismiss that did not address all the claims in Plaintiffs' amended complaint in Cole and Anderson, but additionally they **entirely missed** filing an answer in *Cole* altogether. This is not excusable neglect, nor is it a harmless error. *See Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.,* 28 F.3d 42, 44 (7th Cir. 1994) (holding entry of default proper where party did not file its answer or attend a status hearing).

The case of *Modrowski,* among others, is illustrative. Defendants are required, as all parties are, to abide by the Federal Rules of Procedure, engage in honest litigation, and cannot escape accountability now.

Plaintiffs respectfully request the opportunity to respond in writing and orally to the erroneous assertions made throughout Defendants' filing and to emphasize the law surrounding failures to file an answer.

Dated this October 3, 2023

**CADE LAW GROUP LLC**

By: s/Nathaniel Cade, Jr.
Nathaniel Cade, Jr. SBN:1028115
Annalisa Pusick SBN: 1116379
Antonique Williams SBN: 1051850
Madison Bedder SBN: 1121996
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com
annalisa@cade-law.com
antonique@cade-law.com
madison@cade-law.com

**MOTLEY LEGAL SERVICES**

Kimberley Cy. Motley, SBN : 1047193
P.O. Box 1433
Matthews, NC 28106
(704) 763-5413 (phone)
(704) 559-2450 (fax)

Attorneys for Plaintiffs