UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF ANTONIO GONZALES, by and through its
its Personal Representative, Sandra Gonzales,

      Plaintiff,      CASE NO. 21-cv-00848

v.

CITY OF WAUWATOSA, et al.,

      Defendants.

---

ESTATE OF JAY ANDERSON, JR.
by Special Administrator, Starkeisha DeLaRosa;
J.A. minor child, through her next friend Starkeisha DeLaRosa,

      Plaintiffs,      CASE NO. 21-cv-1179

v.

CITY OF WAUWATOSA, et al.,

      Defendants.

---

ESTATE OF ALVIN COLE, by and through its
Special Administrator, Tracy Cole;
TRACY COLE, and ALBERT COLE,

      Plaintiffs,      CASE NO. 22-cv-856

v.

CITY OF WAUWATOSA, et al.,

      Defendants.

---

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO FILE A SURREPLY BRIEF IN *COLE***

On July 31, 2023, Defendants moved for summary judgement. (ECF 82) On August 22, 2023, Plaintiffs filed their opposition, along with 95 additional proposed factual findings. (ECF 94-97) On September 22, 2023, Defendants filed their Reply, addressing only the arguments in Plaintiffs' opposition, as well as a response to Plaintiffs' request for oral argument. (ECF 116, 111) This should have concluded the dispositive briefing—yet on October 3, 2023, Plaintiffs sought another bite at the apple and filed a Motion for Leave to File a Surreply Brief. (ECF 121) Plaintiffs' motion addresses facts and arguments already briefed by the parties. Plaintiffs admit as much in their accompanying motion, stating their reasons for a surreply are (1) to dispute what they allege to be Defendants' erroneous statements made in their reply brief; and (2) to "emphasize the law." This Court should deny Plaintiffs' motion.

## ARGUMENT

"[S]ur-replies are generally disfavored by the court," *Fitzgerald v. Achterberg*, No. 19-CV-774-JDP, 2021 WL 808650, at *1 (W.D. Wis. Mar. 3, 2021), and leave to file a sur-reply is granted "only rarely," *Groshek v. Time Warner Cable, Inc.*, No. 15-C-157, 2016 WL 4203506, at *4 (E.D. Wis. Aug. 9, 2016), *aff'd*, 865 F.3d 884 (7th Cir. 2017)("Neither the federal rules nor this court's local rules contemplate a sur-reply brief and rarely is such a brief necessary."). More, courts are "quite capable of determining the effect of [any] supposed misstatements of law on [their] own" without need for a sur-reply. *Cummins, Inc. v. TAS Distrib. Co.*, 676 F. Supp. 2d 701, 706 (C.D. Ill. 2009), *aff'd*, 700 F.3d 1329 (Fed. Cir. 2012). Instead, sur-replies are typically allowed only when "the moving party raises new factual or legal issues in its reply brief, in order to ensure that the non-moving party has an adequate chance to respond to the new issues." *Id.* Neither of those circumstances is present here.

Plaintiffs argue surreplies are proper when "the movant raises new arguments in a reply brief." *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011)(citing *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 (7th Cir. 2010). *Merax-Camacho* dealt with a *pro se*

1

litigant who belatedly requested recruitment of counsel and leave to submit a surreply. *Meraz-Camacho*, 417 F. Appx at 559. The court denied the request because the plaintiff failed to raise a genuine issue that necessitated additional briefing because he could not substantiate a claim that his medical records had been tampered with, or that a surreply would change the case outcome. *Id.*.

Here, Plaintiffs have not shown the court any "new arguments" developed by Defendants that warrant a surreply. Plaintiffs contend only that their need for a surreply is to respond to "erroneous assertions" and "emphasize the law" they claim supports their positions. (ECF 119, p. 3) That is what the Plaintiffs were supposed to do in their response brief. Their demand to edit and restyle their response is not a valid basis for a surreply.

Ironically, Plaintiffs also rely on *Univ. Healthsystem Consortium* in support of their motion, which found that a "denial of a motion to file a surreply is appropriate when the movant has had the opportunity to thoroughly brief the issues." *Univ. Healthsystem Consortium v. UnitedHealth Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (citing *Destiny Health, Inc. v. Conn. Gen. Life Ins. Co.,* 741 F.Supp.2d 901, 911 (N.D. Ill. 2010)). The Plaintiffs do not deny that they had their opportunity to thoroughly respond to the summary judgment arguments of the Defendants; they instead demand a second chance to "emphasize the law" – which is not a basis for surreply.

Plaintiffs' citation from *Univ. Healthsystem Consortium* in support of their motion is disingenuous. The Plaintiffs fail to address the that the Court's holding in *Univ. Healthsystem Consotium,* relies upon *Franek v. Walmart Stores, Inc.,* 2009 WL 674269 (N.D.Ill. Mar.13, 2009), recognizing "that a surreply might be appropriate 'when a moving party "sandbags" an adversary by raising new arguments in a reply brief.'" See *Franek,* 2009 WL 674269, at * 19 n. 14. Again, Plaintiffs have conceded that Defendants raised no "new" arguments in their reply. In *Univ.*

*Healthsystem Consortium,* the Court allowed the filing of a sur-reply based on "new arguments made, and new relief requested by Defendants," neither of which is applicable to the present case.

This Court should also deny Plaintiffs' motion because it seeks to add new and unsupported arguments – the very charge they assert against the Defendants' reply brief. The Plaintiffs are asking to use a surreply brief to, effectively, amend their complaint. Although tardy requests to constructively amend a complaint are technically within the discretion of the Court, "it will rarely be appropriate to do so" especially when raised for the first time in opposition to a summary judgment motion. *See Schmees v. HC1.com, Inc.*, 77 F.4th 483, 488-490 (7th Cir. 2023). The party's briefs show that it is Plaintiffs seeking to use the briefing in a summary judgment motion to add new arguments and allegations, *i.e.*, that Cole was unconscious at the time of the shooting, and to do so based solely on argument, not on any admissible evidence. Plaintiffs cannot be permitted to proffer a new, unsupported and argumentative allegation, that was never a part of their complaint, using the subterfuge of a surreply.

Lastly, Plaintiffs' proposed surreply includes argument in opposition to a *separate* motion of the Defendants. Plaintiffs' use of a surreply would thus violate the briefing rules for both the Defendants' motion for summary judgment (ECF 90) *and* the Defendants' motion to enlarge time (ECF 102). Plaintiffs contend in their motion that "the law is clear" regarding the effect of pleadings (ECF 119, p. 3), but ignore that "clear law" would require no surreply and disregard that those "clear" laws, rules, and cases anticipate exceptions and present issues that are within the broad discretion of the Court. (ECF 101; ECF 108; ECF 113 pp. 1-3).

For the reasons set forth above, Defendants respectfully request this Court deny Plaintiffs' motion for one last bite at the apple. However, if this Court grants Plaintiffs' motion for leave to file a surreply, Defendants respectfully ask the court for leave to file a brief response.

Dated this 10th day of October 2023.

                                       **WIRTH + BAYNARD**
                                       Attorneys for Defendants

                                       _/s/ Jasmyne M. Baynard_
                                       Jasmyne M. Baynard, WI Bar No. 1099898
                                       9898 W. Bluemound Road, Suite 2
                                       Wauwatosa, Wisconsin 53226
                                       T: (414) 291-7979 / F: (414) 291-7960
                                       Email: jmb@wbattys.com