# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF JAY ANDERSON, JR., et al.,

        Plaintiffs,

  v.

JOSEPH ANTHONY MENSAH, et al.,

        Defendants.

Case No.: 21-CV-1179-LA

## PLAINTIFFS' EXPEDITED LOCAL RULE 7(h) MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2024 SUMMARY JUDGMENT DECISION

Plaintiffs, Estate of Jay Anderson, 21-CV-1179-LA,[1] hereby move this Court to vacate its order and ruling entered in this case on March 14, 2024, granting Defendants' motion for summary judgment on the grounds as stated below. (Dkt. 125)

## LEGAL STANDARD

A court may alter or amend a judgment when the movant demonstrates a "manifest error of law." Fed. R. Civ. P. 56(e). A "manifest error of law" includes "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A manifest error of law occurs when a court, on summary judgment, refused to draw a reasonable inference in favor of a nonmoving party. *Burney v. Thorn Americas, Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997) ("if a court on summary judgment refused to draw a reasonable inference in favor of a nonmoving party, the court's error would be manifest").

## ARGUMENT

In granting summary judgment, the Court relied on the video footage provided by both parties, which the Court described as showing Anderson reached for or touched the gun. The Court

---

[1] The cases have been consolidated under *Estate of Antonio Gonzales, et al v. Joseph Mensah, et al.* (21-CV-848). This motion addresses the Court's decision to *Anderson*.

erred because it made a factual determination about what Mensah was reaching for. The Court concluded that "[t]he parties dispute exactly what occurred in the seconds leading up to the shooting," but failed to draw any reasonable inferences in favor of the nonmovant. Anderson. Dkt. 125, at 3; *see Burney*, 970 F. Supp. at 671 ("if a court on summary judgment refused to draw a reasonable inference in favor of a nonmoving party, the court's error would be manifest."). Here, the Court made an evidentiary decision about **what Anderson was reaching for** – that is an error. *McCann v. Iroquois Mem. Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010)."[A] court **may not** make credibility determinations, **weigh the evidence**, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Id.* (emphasis added). *See also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)(Credibility determinations and weighing of the evidence ". . . are jobs for a factfinder.").

At best, the video purportedly shows Anderson's arm moving slightly down to the right and him complying with Mensah's repeated commands to keep his arms up. **A disputed issue of material fact** exists as to whether Anderson was reaching for the gun, his phone or something else. Even Mensah admitted that Anderson could have been reaching for his phone:

| | |
|---|---|
| Attorney Cade: | "So it's fair to say that today you can't state definitively that Mr. Anderson was reaching for a gun as opposed to for his phone, fair?" |
| Mensah Answer: | "Fair." |

(ECF #92 PFOF ¶ 24). And if Anderson was reaching for something other the gun, Mensah's conduct would not be "objectively reasonable." *See* Dkt. 125, at 8, citing *Helman v. Duhaime*, 742 F.3d 760, 763 (7th Cir. 2014). [2]

Importantly, the Court granted summary judgment on the grounds that Mensah's belief that Anderson posed an immediate threat to his safety was not unreasonable. That conclusion **did not view**

---

[2] It is public record that probable cause was found against Mensah for the shooting of Anderson. *See* https://abcnews.go.com/US/wisconsin-judge-finds-probable-charge-police-officer-fatal/story?id=79116672

the evidence in the light most favorable to Anderson. Had the Court viewed the evidence in the light most favorable to Anderson, the Court should have concluded that Anderson was reaching for his phone, as Mensah testified to in his deposition, or into his glove box for his registration. That makes Mensah's belief that Anderson posed an immediate threat to his safety unreasonable, precluding the grant of summary judgment. Therefore, there was a manifest error of law requiring the Court to vacate its decision. *Burney*, 970 F. Supp. at 671.

Additionally, there was a failure to apply recognized precedent regarding Mensah's credibility. *Oto*, 224 F.3d at 606 (A "manifest error of law" includes a "failure to recognize controlling precedent.". Precedent required the Court to give little to no weight to Mensah's *belief* that Anderson was reaching for the gun, as opposed to his phone or glovebox because Anderson, the only other witness, was killed. *Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020) ("Summary judgment is often inappropriate in excessive-force cases [particularly where] the *one against whom force was used has died*, because the witness most likely to contradict the officer's testimony—the victim—cannot testify.")(emphasis added). Had the facts and **all credibility determinations** been drawn in favor of Anderson, summary judgment would not have been granted.

The Court's decision finding Mensah's belief that Anderson posed an immediate threat to his safety can only be true if the facts are taken in the light most favorable to Mensah. Specifically, after a jury assess credibility, the jury is free to disbelieve Mensah's versions of events. If a jury concludes that Mensah is incredible and that Anderson was reaching for either his registration in the glove department or his phone, then Mensah violated Anderson's Fourth Amendment rights. Mensah's belief on what Anderson was reaching for is a credibility question. That is especially true because Mensah testified and agreed that Anderson could have been reaching for his phone. The question **of what Anderson was reaching for** is a question of fact and should go to a jury. Therefore, the Court should vacate its grant of summary judgment in favor of the Defendants.

Dated this 15th day of March 2024.

                **MOTLEY LEGAL SERVICES**

                By: *s/ Kimberley Cy. Motl*ey
                Kimberley Cy. Motley SBN: 1047193
                P.O. Box 1433
                Matthews, NC 28106
                (704) 763-5413 (phone)
                Email: kmotley@motleylegal.com

                **CADE LAW GROUP LLC**

                By: *s/Annalisa Pusick*
                Nathaniel Cade, Jr. SBN:1028115
                Annalisa Pusick SBN: 1116379
                Antonique Williams SBN: 1051850
                Madison Bedder SBN: 1121996
                P.O. Box 170887
                Milwaukee, WI 53217
                (414) 255-3802 (phone)
                (414) 255-3804 (fax)
                nate@cade-law.com
                annalisa@cade-law.com
                antonique@cade-law.com
                madison@cade-law.com