UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ESTATE OF ANTONIO GONZALES,**
    Plaintiff,

    v.                                                   Case No. 21-cv-0848

**JOSEPH ANTHONY MENSAH, et al.,**
    Defendant.

---

**ESTATE OF JAY ANDERSON, JR., et al.,**
    Plaintiff,

    v.                                                   Case No. 21-cv-1179

**JOSEPH ANTHONY MENSAH, et al.,**
    Defendant.

---

**ESTATE OF ALVIN COLE, et al.,**
    Plaintiff,

    v.                                                   Case No. 22-cv-0856

**JOSEPH ANTHONY MENSAH, et al.,**
    Defendant.

---

## **ORDER**

Plaintiffs in these consolidated cases are the estates and relatives of individuals who were fatally shot by defendant Joseph Mensah, a former Wauwatosa police officer. On March 14, 2024, I granted defendants' motion for summary judgment on the claims alleged by the Estate of Jay Anderson, Jr., and Anderson's minor daughter, J.A. Plaintiffs move for reconsideration of that decision pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion will be denied.

A Rule 59(e) motion to alter or amend a judgment will succeed only where the movant clearly establishes that the court committed a manifest error of law or fact or that newly discovered evidence precluded entry of judgment. *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). "Manifest error of law" refers to the misapplication or misidentification of controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Plaintiffs argue that I improperly failed to draw all reasonable inferences in favor of the nonmovant because I determined that Anderson was reaching for his gun before being shot. Plaintiffs argue that Anderson could have been reaching for his gun, his phone, or something else and if he was reaching for something other than the gun, defendant's shooting of him would have been unreasonable.

The question on summary judgment was whether a reasonable factfinder could have found that Mensah had probable cause to believe that Anderson posed a significant threat of death or serious physical injury to him. *Tennessee v. Garner*, 471 U.S. 1, 3 (1985). In determining whether Mensah's actions were objectively reasonable, I considered only the circumstances known and information available to Mensah at the time. *Horton v. Pobjecky*, 883 F.3d 941, 949–50 (7th Cir. 2018); *Doornbos v. City of Chicago*, 868 F.3d 572, 579 (7th Cir. 2017) ("In deciding excessive force claims, the issue is whether an officer's use of force was objectively reasonable given the information he or she knew at the time."); *Sherrod v. Berry*, 856 F.2d 802, 804 (7th Cir. 1988) ("Knowledge of facts and circumstances gained after the fact . . . has no place in the trial court's or jury's proper post-hoc analysis of the reasonableness of the actor's judgment."). It is undisputed that the gun was on Anderson's passenger seat, next to his cell phone.

The video footage clearly shows that Anderson reached downward towards the passenger seat immediately before Mensah fired the fatal shots. Mensah had no way of knowing whether Anderson was reaching for the gun, his phone, or something else. Thus, viewing the facts in the light most favorable to Anderson and assuming that he intended to reach for something other than the gun, Mensah's belief that Anderson posed an immediate threat to his safety was still not unreasonable.

Further, plaintiffs incorrectly assert that I determined that Anderson was reaching for his gun. I actually decided only that defendant had probable cause to reach that conclusion. It is also worth noting that plaintiffs present no evidence that Anderson was reaching for something other than the gun.

Thus, for the reasons stated, **IT IS ORDERED** that plaintiffs' motion for reconsideration of my grant of summary judgment in the *Anderson* case (ECF No. 127) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge